## B. FITZPATRICK, Executor, &c., *v.* J. M. WILLIAMS.

In authenticating a record, under the Act of Congress of 26th May, 1790, the judge stated "that full faith and credit are due to his acts as such clerk." *Held:* This did not satisfy the statute, which required the judge to certify "that the attestation of the clerk is in due form."

APPEAL from the District Court of Union, *R. W. Richardson*, J. *H. B. Essick*, for plaintiff. *Baker*, for defendant and appellant.

BUCHANAN, J. This appeal is placed before us upon a bill of exceptions to the reception of a certificate of the Clerk and of a Judge of a Court of Record, of Alabama, to authenticate a transcript of the proceedings in a certain suit in which a judgment was rendered, which is the foundation of the present action.

FITZPATRICK
v.
WILLIAMS.

The clerk certifies under the seal of the court that the foregoing contains a complete and perfect transcript of all the proceedings had in the within or foregoing stated case, as full as remain of record at my office, which will fully appear, reference being had to said record.

The Judge certifies that *George R. Boyd* is and was at the date of the above certificate, to wit: Nov. 28th, 1851, Clerk of the Circuit Court of the said county of Perry, and that full faith and credit are due to his acts as such Clerk.

The Act of Congress of the 26th May, 1790, (Gordon's Digest, paragraph 694,) provides as follows: "The records and judicial proceedings of the Courts of any State shall be proved or admitted in any other court of the United States, by the attestation of the Clerk and the seal of the Court annexed, if there be a seal, together with a certificate of the Judge, Chief Justice, or presiding magistrate, as the case may be, that *the said attestation is in due form.*"

The certificate of the Clerk appears to us to fulfill the requirements of the Act of Congress. But that of the Judge does not conclude in the mode required by that statute; and we have found no precedent which authorizes the substitution of the words "that full faith and credit are due to his acts as such clerk," in the place of "that the attestation of the clerk is in due form." The Act of Congress in the concluding part of the section cited, says, indeed, following the words of the Constitution of the United States, that a record certified in the manner prescribed shall have "full faith and credit," in every other State; but that faith and credit is not a fact to be certified by the Judge.

We think the Judge's certificate defective, and that it should have been rejected.

It is therefore adjudged and decreed that the judgment of the District Court be reversed, and that there be judgment for defendant, as in case of nonsuit, with costs in both courts.