## TAYLOR *v.* MERCHANTS NATIONAL BANK.

LITTLE, J.   The motion for new trial contains several grounds and presents a number of legal questions, but the case turns upon whether or not there was any evidence to support the plea of usury, which was the sole defense set up against the plaintiff's action.   There was no such evidence, and the verdict rendered was the only one which could have been lawfully ·returned.   Consequently, there was no error in overruling the motion for a new trial.         *Judgment affirmed.   All the Justices concurring.*

Argued March 24, — Decided April 17, 1899,

Foreclosure of mortgage.   Before Judge Henry.   Floyd superior court.   September 25, 1897.

*Henry Walker,* for plaintiff in error.   *Reece & Denny,* contra.

---

CUMBERLAND ISLAND CO. *et al. v.* BUNKLEY *et al.,* ex'rs.

LITTLE, J.   1. There having been no motion to dismiss the motion for a new trial for want of a regular and duly approved·brief of evidence, and the action taken by the judge at the hearing of that motion being, under the peculiar facts and circumstances disclosed by the record, the equivalent of approving such a brief as would be appropriate to a case of this kind, and it being certain that this court has before it all that is requisite to an adjudication of the errors alleged, the writ of error will not be dismissed, but the case will be disposed of on its merits.

2. The institution of unwarranted litigation or other wrongful conduct committed by executors constitutes no ground of set-off or recoupment by a defendant against a demand lawfully due to the testator.

3. A mortgage to secure a promissory note for a stated amount of principal, and separate notes maturing at different times for the interest to accrue thereon, can not, in advance of the maturity of the principal note, unless specially so stipulated, be absolutely foreclosed for the full amount of the principal and the matured interest notes, and the collection thereof summarily enforced by a process amounting to no more than an ordinary mortgage execution.   In such a case the remedy provided by section 2739 of the Civil Code is available.

4. The court erred in directing the verdict to which exception is taken.

*Judgment reversed.   All the Justices concurring.*

Argued November 23, 1898. — Decided April 18, 1899.

Equitable petition.   Before Judge Sweat.   Camden superior court.   March term, 1898.

*Alexander & Hillyer,* for plaintiffs in error.
*Atkinson & Dunwody* and *Spencer R. Atkinson,* contra.