### JONES, administrator, *v.* BANK OF LULA.

1. Where upon the trial of a case the court directed a verdict in favor of the plaintiff upon the allegations contained in the petition and the admissions in the answer of the defendant, no evidence being offered by either

side, the losing party was entitled, in order to obtain a review of the judgment of the court directing a verdict against him, to sue out a direct bill of exceptions to this court, or make a motion for a new trial in the court below; and where he adopted the latter remedy, a motion to dismiss the motion for a new trial on the ground that a direct bill of exceptions was the sole remedy, and that no brief of the evidence in the case had been prepared and filed, was properly overruled.

2. Where the petition alleged that the plaintiff's intestate had made certain deposits with the defendant bank, for which certificates of deposit had been issued by the latter to the decedent, that demand had been made for payment of the deposits, and refused, and these allegations were admitted to be true in the answer of the defendant, a prima facie case in favor of the petitioner was made; and where the answer of the defendant, in addition to the admissions referred to above, contained the affirmative defense that another than the administrator of the party to whom the certificates of deposit had been issued was the holder of those certificates, claiming to be the owner thereof, but on the trial no evidence was offered to support this affirmative defense, the court did not err in directing a verdict for the plaintiff.

3. The court properly refused to order the plaintiff in this case to interplead with the party whom the defendant alleged to be the holder of the certificates of deposit in question, there being no appropriate pleadings under which the alleged holder could be made a party to the cause, and no prayer that he be made a party.

FEBRUARY 15, 1911.

Complaint. Before Judge Kimsey. Hall superior court. September 4, 1909.

*H. H. Dean,* for plaintiff.

*C. R. Faulkner* and *Ed. Quillian,* for defendant.

BECK, J. W. B. Jones, administrator of the estate of Christine Jones, deceased, brought suit against the Bank of Lula to recover an amount represented by certain certificates of deposit issued by the bank to the plaintiff's intestate. It is alleged in the petition, that the intestate deposited certain amounts in the Bank of Lula; that certificates of deposit were issued; that the petitioner was the duly appointed and qualified administrator of the estate of Christine Jones; and that petitioner had demanded of the defendant payment, with interest, of the money represented by the certificates of deposit. The defendant filed its plea and answer, and admitted the material allegations in the petition; but answered further, that, while the certificates of deposit were issued to Christine Jones as alleged in the petition, one Henry M. Jones, a son of the decedent, now has the certificates in his possession and has so had them "for some time," claiming them as his own;

that he has demanded payment of them of the defendant; that defendant is ready to pay the sums demanded when defendant ascertains to whom payment can be lawfully made; and it prays that the plaintiff and Henry M. Jones interplead, and that the court determine to whom the payment shall be made. Upon the trial the court directed a verdict for the plaintiff, and a judgment thereupon was entered. The defendant, during the term at which said case was tried, made a motion for a new trial, and the motion was set for a hearing on August 23, 1909, movant being given until that date to prepare and present a brief of evidence in the case; and when the motion came on to be heard, the respondent made a motion to dismiss the motion for a new trial, on the ground that movant's remedy was by direct bill of exceptions and not by a motion for a new trial, and on the further ground that there was no brief of evidence presented to the court as required by law. The court overruled the motion to dismiss the motion for a new trial, and, after a hearing, granted the defendant a new trial. The respondent (plaintiff) excepted to both of these rulings.

1. No evidence was introduced upon the trial of this case. The court, considering the allegations of the petition, which were admitted to be true by the answer of the defendant, directed a verdict for the plaintiff.

The court properly overruled the motion to dismiss the motion for a new trial. When, upon the trial of a case in the superior court, the judge directs a verdict after the parties have offered evidence and the case is closed, or upon the pleadings when no evidence is offered by either side, and the pleadings are of such a character as to authorize the direction of a verdict, the party against whom the verdict is directed has two remedies, by either of which he can obtain a review of the judgment of the court directing a verdict against him. He may sue out a direct bill of exceptions; or he may make a motion for a new trial, and upon a refusal of the same by the trial judge he may except to the judgment refusing a new trial.

The other ground of the motion to dismiss the motion for a new trial was also without merit. Inasmuch as the trial judge had directed a verdict upon the pleading of the plaintiff and the admissions contained in the answer of the defendant, and no evidence was submitted for the consideration of the court or jury

by either side, manifestly no brief of evidence could have been prepared and submitted, and the motion for a new trial was complete in itself without a brief of the evidence. The admissions in the answer of the defendant, which the court had before it, were a sufficient substitute for evidence upon which to base a verdict for the plaintiff.

2, 3. The court did not err in directing a verdict for the plaintiff upon the pleadings, no evidence being offered by either side. In the absence of evidence to support the defensive allegations in the answer setting up that the certificates of deposit sued upon were in the possession of another party than the administrator of the one to whom they had been issued, and the allegations in the petition which were admitted to be true being considered, the court could not have done otherwise than direct a verdict. The defendant, after having admitted a prima facie case in favor of the plaintiff, set up a perfectly good affirmative defense, but the burden was upon it of establishing that defense by evidence. No attempt was made to carry this burden. The prayer in the answer that the plaintiff be required to interplead with a stranger to the record, and whom the defendant did not seek to have made a party, was vain. And when, after reading the pleadings to the court for its consideration, the defendant went no further, and failed, by failing to offer evidence, to carry the burden which the defendant had undertaken, no course was left open to the court but that of directing a verdict in favor of the plaintiff. The admitted facts of the case demanded a finding for the plaintiff, and the court, having directed a verdict accordingly, should not have set it aside upon a motion for a new trial made by the defendant.

*Judgment reversed. All the Justices concur.*