ADAMS, APPELLANT, *v.* STENEHJEM, ADMR., RESPONDENT.

(No. 3,460.)

(Submitted January 9, 1915. Decided January 30, 1915.)

[146 Pac. 469.]

*Foreign Judgments—Authentication—Sufficiency—How Determined—Faulty Certificate—Evidence.*

Foreign Judgments—Records—Authentication—Certificate.
  1. The words "in due form" as used in section 7911, Revised Codes, in declaring that the certificate of the presiding judge of a court of another state must disclose that the attestation of the clerk of such court to a judicial record which is sought to be proved in a court of this state is "in due form," means the form prescribed by the law or practice of the state from which the record comes.
  [As to authentication and effect of foreign judgments, see note in 82 Am. Dec. 411.]

Same—Authentication—How Determined—Judicial Notice.
    2.  Whether the attestation by a clerk of court of another state to one of its judicial records is in due form as defined above, must be determined from the certificate of the judge of such court, since the courts of this state do not take judicial notice of the statute laws or practice of a foreign state.

Same—Records—Attestation—Faulty Certificate—Evidence.
    3.  A copy of a judgment-roll of a court of another state, the certificate of attestation to which was to the effect that "said certificate of said clerk is duly authorized by law to be issued by such clerk, and full faith and credit are due to all his official acts as such," instead of that "the attestation is in due form," as required by section 7911, Revised Codes, was inadmissible in evidence.

Same—Records—Full Faith and Credit.
    4.  Whether a record of another state is entitled to full faith and credit in this state is a question to be determined by the court in which it is offered in evidence, and not by the judge of the court from which it comes.

    [As to effect of foreign judgments, see notes in 7 Am. Dec. 324; 94 Am. St. Rep. 550.]

Same—Valid Judgment—Evidence.
    5.  Before the courts of this state can give faith and credit to a judgment of a foreign state, the evidence offered must disclose that it is valid and capable of enforcement by final process.

    [As to necessity of alleging, in action based on foreign judgment of divorce, that court had jurisdiction, see note in Ann. Cas. 1913B, 1193.]

Same—Entry of Judgment.
    6.  In an action to recover upon a judgment rendered in another state, failure of plaintiff to show that it was entered in the court of its rendition was a failure to prove a judgment capable of enforcement.

Same—Validity, How Determined.
    7.  The validity of a judgment must be determined by the laws of the state where it was rendered.

Same—Book Entries—Evidence—When Inadmissible.
    8.  Where, in an action to recover on a foreign judgment, plaintiff did not make proof that the clerk of the court where it was rendered was required by law to keep a judgment docket and make a memorandum therein that judgment had been entered, evidence that an entry to that effect in such a book had been made was immaterial.

*Appeal from District Court, Sheridan County; Frank N. Utter, Judge.*

ACTION by O. O. Adams against A. O. Stenehjem, as administrator of the estate of G. C. Meltzer, deceased. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Norris, Hurd & McKellar,* for Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

We submit that the expressions "that said certificate is duly authorized by law" and "that said certificate is in due form"

are in effect the same, and do not convey different meanings. An analysis of the two expressions seems to justify this conclusion. "In due form of law" means nothing more or less than in the form of or in accordance with law, and the expression "is duly authorized by law" means the same thing. The supreme court of South Dakota, in the case of *Davis* v. *Davis,* 24 S. D. 474, 124 N. W. 716, has approved a certificate in which the words "in due form" were omitted. The certificate of the judge, that the certificate of the clerk is in due form of law instead of the usual certificate that the attestation of the clerk is in due form, will not render the certificate invalid. (*Blair* v. *Caldwell,* 3 Mo. 353; *Edwards* v. *Jones,* 113 N. C. 453, 18 S. E. 500; *Gornto* v. *Bonney,* 7 Leigh (Va.), 234.) From the foregoing authorities, it appears that the use by the judge of the word, "certificate" instead of "attestation" is not a defect.

The following authorities hold that original papers and records are competent evidence in cases where certified copies of such papers are by statute made primary evidence also: *Bradley Timber Co.* v. *White,* 121 Fed. 779, 58 C. C. A. 55; *Bruce* v. *Manchester & K. R. R. Co.,* 19 Fed. 342; *Smith* v. *Veysey,* 30 Wash. 18, 70 Pac. 94; *McFadden* v. *Ferris,* 6 Ind. App. 454, 32 N. E. 107; *Sheehan* v. *Davis,* 17 Ohio St. 571; *Brooks* v. *Daniels,* 39 Mass. (22 Pick.) 498; *Doremus* v. *Smith,* 4 N. J. L. 142; *James* v. *Greensboro etc. Co.,* 47 Ind. 379; *Carp* v. *Queen Ins. Co.,* 203 Mo. 295, 101 S. W. 78. In the last mentioned case, the court holds that a statute similar to our section 7911 was enacted for public convenience and did not render incompetent original records and files. With the exception of Georgia, the holdings of the courts seem so uniform that other citations of authority would be cumulative, merely.

Proof that the judgment of the North Dakota court had been duly made and given had been presented to the court in the case at bar, and under the provisions of section 7962 it should have been assumed that the North Dakota clerk, being a court officer, had performed his duty and entered the judgment according to law. There was no proof offered to show that the

judgment had not been entered and docketed, and in fact the entry and docketing of the judgment is not necessary to the validity thereof. The entry and docketing of a judgment is a ministerial act. (*Parrott* v. *Kane,* 14 Mont. 27, 35 Pac. 243; *Kimpton* v. *Jubilee Placer M. Co.,* 22 Mont. 109, 55 Pac. 918; *Risk* v. *Uffelman,* 7 Misc. Rep. 133, 27 N. Y. Supp. 392; *Matter of Cook,* 77 Cal. 220, 11 Am. St. Rep. 267, 1 L. R. A. 567, 17 Pac. 923, 19 Pac. 431.)

*Mr. Paul Babcock* and *Mr. J. A. Heder,* for Respondent, submitted a brief; *Mr. Babcock* argued the cause orally.

The certificate of the judge must, under the Act of Congress, show that the attestation of the clerk is in due form. (*Hackett* v. *Bonnell,* 16 Wis. 471; *Tooker* v. *Thompson,* 3 McLean, 92, Fed. Cas. No. 14,097.) Failure of a judge to certify that the attestation of the clerk is in due form is fatal. (*Shown* v. *Barr,* 33 N. C. (11 Ired.) 296; *Buck* v. *Grimes,* 62 Ga. 605; *Wilburn* v. *Hall,* 16 Mo. 426; *Ordway* v. *Conroe,* 4 Wis. 45; *Hagan* v. *Snider,* 44 Tex. Civ. App. 139, 98 S. W. 213; *Chapman* v. *Chapman,* 74 Neb. 388, 104 N. W. 880.) The attestation of the clerk should be in the form prescribed for the court in which the judgment was rendered, and the certificate of the judge that the clerk's certificate is in due form is conclusive. (*Edwards* v. *Jones,* 113 N. C. 453, 18 S. E. 500; *Rennick* v. *Chloe,* 7 Mo. 197.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to recover a balance due upon a judgment rendered by a district court of North Dakota. Upon the trial, plaintiff offered in evidence a certified copy of the judgment-roll from the North Dakota court, but it was excluded upon the ground that it was not exemplified as required by law. Plaintiff then had the original files constituting the judgment-roll identified, and these were received in evidence, but afterward stricken out. A motion for nonsuit was sustained, and

from the judgment rendered and entered plaintiff has appealed. Errors are predicated upon the rulings of the trial court in excluding the offered papers.

1. The copies of the papers constituting the judgment-roll were attested by the clerk with the seal of the court annexed, and following his attestation there was a certificate by the judge: "That said certificate of said clerk of said district court is duly authorized by law to be issued by said J. O. Seibert, as such clerk of said district court, and full faith and credit are due to all his official acts as such."

Section 1, Article IV, of the Constitution of the United States, provides: "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings, of every other state. And the Congress may by general laws prescribe the manner in which such acts, records, and proceedings shall be proved, and the effect thereof." In compliance with that mandate, the Congress in 1790 enacted what is now section 905, United States Revised Statutes, as follows: "The records and judicial proceedings of the courts of any state * * * shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, * * * together with a certificate of the judge, chief justice or presiding magistrate, *that the said attestation is in due form."* Section 7911, Revised Codes of Montana, [1] declares that a judicial record of a sister state may be proved by the attestation of the clerk and the seal of the court annexed, together with a certificate of the chief judge or presiding magistrate that the attestation is in due form. The phrase "in due form," as thus employed, means in the form prescribed by the law or practice of the state from which the record comes.

Tested by these statutory provisions, the trial court's ruling upon the first offer was correct. To entitle the copy of the judgment-roll to be admitted in evidence, it must have been duly attested by the clerk of the North Dakota court. Whether [2] the attestation was in the due form prescribed by the

law or practice in North Dakota could not be determined by the trial court from an inspection of the attestation certificate; for the courts of this state do not take judicial notice of the statute laws or practice of a sister state. Because of this fact the trial court was required to look to other evidence, and the evidence which the federal statute and our own Code have provided is the certificate of the judge of the sister state. It is for that judge, charged with knowledge of the laws of his state, to determine whether the attestation of his clerk is in due form and to evidence his conclusion by his certificate, and it is to his certificate alone that the Montana court must look to ascertain whether what purports to be a certificate by the clerk is such under the laws of the state where made. (*Craig* v. *Brown,* Pet. C. C. 352, Fed. Cas. No. 3328.) Under the federal statute and our Code provision above, the district court of the [3] sister state is required to make known the fact that the copy is properly attested, by his certificate "that the said attestation is in due form." In the absence of such certificate as the federal statute and our Code prescribe, the copy is not entitled to be admitted. This rule is recognized universally. (*Northwestern Mut. Life Ins. Co.* v. *Stevens,* 71 Fed. 258, 18 C. C. A. 107; *Smith* v. *Brockett,* 69 Conn. 492, 38 Atl. 57; *Trigg* v. *Conway,* Hempst. 538, Fed. Cas. No. 14,172.)

But it is insisted that, while the certificate of the judge of the North Dakota court is not in the form prescribed by statute, in substance it is the same. If we understand the language employed in the certificate, it does not mean anything more than that the laws of North Dakota authorize the clerk of a district court of that state to certify copies of judicial records in his charge. It would impeach the intelligence of the judge who made this certificate to say that he intended it to conform to the requirements of the federal statute. The language of that statute is so plain that anyone who attempts to comply with it cannot possibly fail in the attempt. The addition of the words "and full faith and credit are due to all his official acts as such" do not aid the certificate. In the connec-

tion in which they are employed they are meaningless. Our courts are not required to give full faith and credit to the act of the North Dakota clerk in attesting a public record. If the record is attested by the clerk with the seal annexed, and the attestation is certified to be in due form by the judge, then full faith and credit is due the record—in this instance the judgment-roll—but not the act of the clerk in attesting it. Furthermore, whether a record is or is not entitled to full faith **[4]** and credit is a question to be determined by the Montana court, and not by the judge of the court from which the record comes.

We are unable to agree with the supreme court of South Dakota in *Davis* v. *Davis*, 24 S. D. 474, 124 N. W. 715, holding contrary to these views.

2. Conceding, for the purposes of this appeal, that the original **[5, 6]** nal files from the North Dakota court, if complete, were admissible in evidence upon the trial of this cause, under the best evidence rule (Rev. Codes, sec. 7850), we are still of the opinion that the action of the trial court in striking them from the record was correct. The only purpose in offering these original files was to prove a judgment of the North Dakota court, and, unless they tended to prove that fact, they were immaterial and irrelevant. It is apparent at once that, before the courts of Montana can give faith and credit to a judgment of a sister state, the evidence offered must disclose a valid judgment of such state capable of enforcement by final process. (23 Cyc. 1559; *Fall* v. *Eastin*, 215 U. S. 1, 54 L. Ed. 65, 17 Ann. Cas. 853, 23 L. R. A. (n. s.) 924, 30 Sup. Ct. Rep. 3.) The files from the North Dakota court show that a judgment was rendered, but they do not show that it was ever entered. The general rule is that the failure of the clerk to perform the purely ministerial task of entering a judgment will not vitiate it; but it is within the province of any state to determine when a judgment of its court shall become effective, and if the entry of the judgment in the judgment-book is a condition precedent

to its becoming effective as a judgment, the failure to prove such entry amounts to a failure to prove a judgment.

Some contention is made that a memorandum in the judg- **[7, 8]** ment docket tended to show that the judgment had been entered in the judgment-book, but the failure of plaintiff to show that under the laws of North Dakota the clerk was required to keep a judgment docket and to make therein the memorandum in question removes any foundation for such contention.

The validity of the judgment must be determined by the laws of the state where it was rendered. (*Caruthers* v. *Corbin*, 38 Ga. 75.) In *Amundson* v. *Wilson*, 11 N. D. 193, 91 N. W. 37, the supreme court of North Dakota, after referring to certain sections of their Codes, said: "Under these sections this court has held that 'there can be no judgment capable of being docketed or enforced in any manner until it is entered in the judgment-book' "—citing *In re Weber*, 4 N. D. 119, 28 L. R. A. 621, 59 N. W. 523.

Since these original files did not tend to prove a valid judgment under the laws of North Dakota, they were properly excluded.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.