GUTHRIE *v.* GASKINS, administrator; *et vice versa.*

JENKINS, Justice. A defendant in fi. fa. by an affidavit of illegality sought to arrest a levy under the fi. fa., proceeding in favor of an administrator, by setting up as equitable defenses that in a former levy on different land under the same fi. fa. the plaintiff and the defendant in fi. fa. entered into an agreement by which the purchase-price of the land at the sheriff's sale would be depressed, and the plaintiff in fi. fa. would acquire title either in himself as administrator or some other person designated by him, in full settlement of the debt; and that at such sale the land was bid in for a nominal sum, and the title was acquired by such third person as purchaser "with some secret understanding between the [administrator and the purchaser] that he hold said lands for the use and benefit of the estate." The affidavit of illegality, without making the purchaser at this previous sale a party to this proceeding, sought: (1) a cancellation of the sheriff's deed made

in pursuance of the previous sale, by reason of the inadequacy of the purchase-price as occasioned by the agreement between the plaintiff and defendant in fi. fa.; (2) in the event that such cancellation could not be made on account of the property being in the hands of an innocent purchaser, that then and in that event the value of the land be determined, and the fi. fa. be credited accordingly, and a judgment be rendered in the defendant's favor for any excess in the value of the land over and above the amount of the fi. fa. The court overruled special demurrers, but dismissed the affidavit of illegality on general demurrer: Held,

1. It is the general rule that where a plaintiff and defendant in fi. fa. make an agreement to depress the bidding at a sheriff's sale under the execution, whereby the plaintiff or a person designated by him is to become the purchaser, although such an agreement is illegal as contrary to public policy, the defendant in fi. fa. will not thereafter be heard to attack the validity of the sale, by cancelling the sheriff's deed made in pursuance of the sale under such agreement, on account of the consequent inadequacy of the purchase-price. *Ruis* v. *Branch*, 138 *Ga.* 150, 152 (74 S. E. 1081); *Sharp* v. *Hall*, 145 *Ga.* 171 (2) (88 S. E. 929); *Guthrie* v. *Gaskins*, 173 *Ga.* 867 (161 S. E. 810); *Winecoff* v. *Atlanta Title & Trust Co.*, 184 *Ga.* 488 (191 S. E. ). An exception (not here involved) to this rule is where the defendant is of weak mind, and advantage is taken of this fact. *O'Kelley* v. *Gholston*, 89 *Ga.* 1, 9 (15 S. E. 123). See also *Allen* v. *Brown*, 83 *Ga.* 161 (9 S. E. 674); *Reichert* v. *Voss*, 78 *Ga.* 54 (2 S. E. 558); Code, § 39-1315. The general rule, as above stated, would have application even though the purchaser had been made a party to the present illegality proceeding.

2. With respect to the alternative prayer for cancellation of the fi. fa. in lieu of cancellation of the deed, assuming that if the plaintiff in fi. fa. had acted as an ordinary contractor in his own behalf, the defendant might procure the cancellation of the remaining indebtedness due on the fi. fa. (see *Ruis* v. *Branch*, supra), such would not be the rule where the plaintiff in fi. fa. as the representative of an estate sought without authority to thus bind the estate (*Printup* v. *Trammel*, 25 *Ga.* 240, 242; *Hughes* v. *Treadaway*, 116 *Ga.* 663, 42 S. E. 1035; *Cumberland Island Co.* v. *Bunkley*, 108 *Ga.* 756 (2), 33 S. E. 183; *Jones* v. *Ragan*, 136 *Ga.* 652 (2, a), 71 S. E. 1098; *Maynard* v. *Cleveland*, 76 *Ga.* 52, 70; Code, §§ 113-1513, 113-1515), and where it does not appear that the estate received and has retained the benefits from such illegal and unauthorized agreement. Accordingly, even if it be assumed that the statement of the alleged benefit accruing to the estate, described in the affidavit of illegality as "some secret understanding" between the administrator and the purchaser, by which the property was to be held "for the use and benefit of the estate," would be sufficient as against general demurrer to show a benefit to the estate (*McSwain* v. *Edge*, 6 *Ga. App.* 9 (2) 11, 64 S. E. 116), still, since the alternative prayer is distinctly grounded upon the premise and condition that the administrator of the estate has no interest or benefit in the property, but that it passed by the purchaser into the hands of an innocent purchaser, without any allegation that any benefit from any

such sale has accrued to the estate, the prayer for such alternative relief strips itself of any equity which it might otherwise have.

3. The court properly dismissed the affidavit of illegality.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*

Nos. 11788, 11797. JUNE 18, 1937.

*Corbitt & Sumner,* for plaintiff in error. *E. R. Smith,* contra.