27727. BUCKNER *v.* ENDICOTT-JOHNSON CORPORATION.

Decided November 29, 1939.

*C. M. Buckner,* for plaintiff in error. *Boykin & Boykin,* contra.

MacIntyre, J.  This is a suit by Endicott-Johnson Corporation against C. M. Buckner, upon a foreign judgment obtained by the plaintiff against the defendant in Alabama.  There appears from the record the plaintiff's petition with the certificates of the clerk and the judge of the Alabama court as to the foreign judgment attached thereto and made a part thereof.  No answer of the defendant appears nor was any evidence introduced.  Upon this petition the judge directed a verdict in favor of the plaintiff.  The defendant filed a motion for new trial which was overruled and he excepted.

■  The ruling made in this headnote requires no elaboration.

■ ■  The plaintiff in error contends that the court below erred in directing a verdict in favor of the plaintiff (defendant in error) because the verdict was contrary to the law and the evidence in that the certificate of the judge was not properly authenticated as required by the Code, § 38-627 (U. S. C. A. title 28, § 687), for nowhere does it appear that the attestation of the clerk is in due form.  Code, § 38-627, which is but a codification of U. S. C. A. title 28, § 687, provides: "The acts of the legislature of any State or Territory, or any country subject to the jurisdiction of the United States, shall be authenticated by having the seals of such State, Territory, or country affixed thereto.  The records and judicial proceedings of the court of any State or Territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, Chief Justice, or presiding magistrate, *that the said attestation is in due form*.  The said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." (Italics ours.)  "The purpose of this attestation of the clerk and seal, usually in the form of a certificate, is to identify the record in question as truly set forth in the transcript.  In addition to such attestation, the judge, Chief Justice, or presiding magistrate of the court, when record is thus attested, must certify that the attestation is in due form of law in the State where it is given; the object being to give judicial assurance that the law of the State regulating the attestation of records as to form has

been observed by the clerk. Thus the record will appear when it is offered in evidence just as it would in the courts of the State from which it came, and have the like faith and credit." Kinseley v. Rumbough, 96 N. C. 193 (2 S. E. 174, 175).

In the case of Craig v. Brown, supra, in answer to the contention that the record of the foreign court and the proceedings therein were not authenticated in due form the court said: "In answer to this objection it is contended that the attestation of the clerk appears upon the face of it to be in due form, and that the certificate of the judge, though it does not expressly state it to be so, contains what amounts to such an allegation, and is therefore a substantial compliance with law. I can not accede to this argument. Each State has a form of its own for authenticating records, prescribed either by positive law, or by practice; and to make those records evidence in the other States, Congress has thought proper to declare, that the attestation must be, not according to the form used in the State where it is offered, or to any other form generally observed, but to that of the State or of the court from whence the record comes; and the only evidence of this fact, is the certificate of the presiding judge of that court." The reason for the rule requiring the certificate of the judge as to the due form of the clerk's certificate is that the court in which the document is offered in evidence is not presumed to know or take judicial notice of the laws in force or what is "due form" in another State or foreign jurisdiction. Ganow v. Ashton, 32 S. D. 458 (143 N. W. 383).

The certificate of the judge in the instant case is as follows: "I, Ernest Lacey, judge of the circuit court of Walker County, Alabama, do hereby certify that the foregoing certified copy of judgment is, in fact, a true and correct copy of a judgment rendered in said court on the 6th day of February, 1937, in the cause of Endicott-Johnson Corporation v. Charles M. Buckner, and that Minus H. Johnson was and is the clerk of said court. Said judgment appears on page 40 Civil Minute Book, of the said circuit court of Walker County, Alabama, and the foregoing is an exact copy thereof, as certified by the clerk." From an examination of this certificate, it will be seen that nowhere does the judge certify that the attestation of the clerk is in "due form." Under the Federal statute and our Code provision above quoted, the circuit

court of the sister State is required to make known the fact that the copy is properly attested, by his certificate "that said attestation is in due form." In the absence of such certificate as the Federal statute and our Code prescribe, the copy is not entitled to be admitted. We are therefore of the opinion that the judgment was not properly authenticated as required by law. *Conrad* v. *Kennedy*, 123 *Ga.* 242 (51 S. E. 299) ; Northwestern Mutual Life Insurance Co. v. Stevens, 71 Fed. 258; Smith v. Brockett, 69 Conn. 492 (38 Atl. 57) ; Trigg v. Conway, Fed. Cas. No. 14,172; Adams v. Stenehjem, 50 Mont. 232 (146 Pac. 469) ; Fitzpatrick v. Williams, 10 La. Ann. 517; Mauritz v. Schwind (Tex. Civ. App.), 101 S. W. 2d, 1085 (1) ; Parchen v. Chessman, 49 Mont. 326 (142 Pac. 631, 146 Pac. 469, Ann. Cas. 1916A, 681).

However, it appears from the certified judgment from the Alabama court that "by agreement a judgment is entered herein for the plaintiff [Endicott-Johnson Corporation] against the defendant [Charles M. Buckner]." Now if this judgment was in fact a proper judgment by agreement, and the certificate of the judge of the circuit court of Walker County, Alabama, can now be obtained to that identical copy of the foreign judgment, that the authentication (the attestation of the clerk) is in due form etc., in a way to comply fully with the requirements of the law of Congress (Code, § 38-627), what occasion is there to go through the form of another trial, and submit precisely the same affidavits of the foreign judgment, with a view to a settlement of this case? We see none. It is therefore ordered, that if, at the next trial term of the superior court of Haralson County, the plaintiff (defendant in error) supplies to the affidavits which were used on the trial of this case, the certificate of the judge or presiding judge of said circuit county court of Alabama, so that the court can see that the affidavits are made fully competent (in due form etc.) under the act of Congress (Code, § 38-627), before referred to, then the case will be affirmed, otherwise reversed. Hutchins v. Gerrish, 52 N. H. 205 (13 Am. R. 19).

*Judgment affirmed on condition. Broyles, C. J., and Guerry, J., concur.*