## 28317. UNDERWOOD *v.* HEATH & COMPANY.

2. The object and purpose of a motion for new trial is not merely to arrest, and thus avoid, the judgment, because of some unamendable defect appearing upon the face of the record, but to recall and annul the verdict upon which the judgment is based, in order that there may be a new

DECIDED NOVEMBER 26, 1940.

*G. H. Williams, Berner Williams,* for plaintiff in error.
*Hal M. Smith,* contra.

MACINTYRE, J. This was a suit on account. A verdict was directed for the plaintiff. The defendant made what he denominated as a "motion in arrest of judgment, under petition and [rule] nisi." The plaintiff demurred thereto; the judge sustained the general demurrer and reserved decision on the special demurrers. To this judgment sustaining the general demurrer to the defendant's motion in arrest of judgment, the defendant excepts.

When a judgment has been rendered either party may move in arrest thereof for any defect not amendable which appears on the face of the record or the pleading, and this motion must be made during the term at which such judgment was obtained. One ground of the plaintiff's demurrer was that "it affirmatively appears therefrom [defendant's motion to arrest judgment] that the same was filed more than 30 days after the date of the judgment." In the instant case the movant prayed for "arrest of judgment in said matter, and that a rule nisi issue." Her motion was attacking the verdict and judgment, and the attack was based solely on matters not appearing on the face of the record, to wit: evidence or a "substitute for evidence" (*Jones* v. *Bank of Lula,* 135 *Ga.* 680, 70 S. E. 640), of an agreement (in open court) between counsel for plaintiff and the defendant that unless the suit and matter against the defendant at the April term was not adjusted by the next ensuing regular term of said court, then in that event the plaintiff could take judgment. It affirmatively appears from the record that the judgment was entered on October 23, 1939,

and the motion in question being filed on November 28, 1939, which is more than 30 days after the trial, was properly dismissed on demurrer.

It has been many times held that even though the defect may not appear upon the face of the record, a court of law may grant relief against judgments irregularly or improperly obtained, upon timely application, with rule nisi or process and service upon necessary parties. *Schofield's Sons Co.* v. *Vaughn, 40 Ga. App.* 568, 570 (150 S. E. 569), and cit. Such a proceeding is in effect a motion for a new trial, and is subject to all the rules governing such a motion. *Grogan* v. *Deraney, 38 Ga. App.* 287, 290 (143 S. E. 912). "When a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Code, § 110-702. "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside." § 110-704. "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." § 110-705. A motion in arrest of judgment "differs from a motion to set aside a judgment, in this: The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations." § 110-703. "A motion in arrest of judgment differs from a motion for a new trial, in this: The former must be predicated on some defect which appears on the face of the record or pleadings, while the latter must be predicated on some extrinsic matter not so appearing." Id. The motion for new trial, "except in extraordinary cases, shall be made during the term at which the trial was had; and when the term shall continue longer than 30 days, the application shall be filed within 30 days from the trial, together with a brief of evidence, subject to the approval of the judge and subject to the right of amendment allowed in applications for a new trial; but all applications herein provided for may be heard, determined, and returned in vacation." Code, § 70-301. "The purpose of a motion in arrest of judgment is to arrest, and thus avoid, the judgment, because of some unamendable defect appearing on the face of the record." *Turner* v. *Shackelford,* supra. The object and purpose of a motion for a new trial

is not merely to arrest, and thus avoid, the judgment, because of some unamendable defect appearing upon the face of the record, but to recall and annul the verdict upon which the judgment is based, in order that there may be a new trial of the issues; and in the event a new trial is granted the case "shall stand on the docket for trial at the next term as though no trial had been had, subject to the rules for continuances provided in this Code." Code, § 70-401. *Turner* v. *Shackelford,* supra.

The application for relief in this case is by petition with rule nisi and acknowledgment of service by the necessary parties, and is denominated by the pleader as a motion in arrest of judgment, yet from its contents it appears that it is seeking to recall and revoke the verdict in the case, and thus annul the judgment which is based upon such verdict, in order that there may be a new trial on the issue of the sufficiency of the evidence. It is not seeking to avoid the judgment for a defect not amendable which appears on the face of the record or the pleadings. A motion or proceeding as here instituted is not technically a statutory petition to arrest, but is in effect a motion for new trial subject to all the rules governing such motion. *Grogan* v. *Deraney,* supra.

The nature of the motion is not determined by the description of the pleader. It is in fact immaterial by what name he calls his motion or whether he gives it any name at all. The character and classification of the motion depends upon the intrinsic contentions of the motion, its recitation of fact, the nature of the wrong sought to be corrected, and the quality of the remedy sought to be invoked. *Pennington* v. *Douglas, Augusta & Gulf Ry. Co.,* 3 *Ga. App.* 665, 666 (2) (60 S. E. 485). We might not only say that the motion in this case is in effect a motion for new trial, but, as indicated by Judge Russell in *Garfield Oil Mills* v. *Stephens,* 16 *Ga. App.* 655, 659 (85 S. E. 983), was in *fact* a motion for new trial. And if it is in fact a motion for new trial, although denominated by the pleader as a motion in arrest of judgment, it is subject to all the rules governing a motion for a new trial and it should have been filed during the term and within 30 days from the date of the judgment in this case, as is required of motions for new trial under the rule stated in Code, § 70-301, supra.

The judgment in this case was entered on October 23, 1939. The proceeding in this case, while denominated a motion in arrest of

judgment, is in *fact* a motion for new trial, and was not filed until November 28, 1939. It therefore appears that the motion for new trial was filed more than 30 days after the date of the judgment complained of, and the judge properly dismissed the same on general demurrer. *Taliaferro* v. *Columbus Railroad Co.,* 130 *Ga.* 570, 572 (61 S. E. 228).

As an illustration of when a motion for new trial is complete in itself without a brief of evidence, and as to what is a sufficient substitute for evidence upon which to base a verdict, see *Jones* v. *Bank of Lula,* 135 *Ga.* 680, 682 (70 S. E. 640); *Buckner* v. *Endicott-Johnson Cor.,* 61 *Ga. App.* 163 (6 S. E. 2d, 123); *Cumberland Island Co.* v. *Bunkley,* 108 *Ga.* 756 (33 S. E. 183).

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*