Artope *et al. vs.* Barker.

---

## Artope *et al. vs.* Barker.

A motion to set aside a judgment, like a motion in arrest, must be grounded on defects apparent on the face of the record, which are not amendable. It differs from a motion in arrest of judgment only in that the latter must be made during the term when the judgment was rendered, while a motion to set aside a judgment can be made at any time within the period of the statute of limitations.

(*a.*) While a declaration against a trust estate may have been defective in not setting out the trust, its terms and character, and may have been demurrable on that ground, yet it would have been amendable, and after judgment this defect is cured; and a motion to set aside the judgment cannot be sustained.

(*b.*) If movants have any rights, they may assert them in equity.

February 24, 1885.

Motion in Arrest of Judgment. Motion to set aside Judgment. Judgments. Pleadings. Before Judge Simmons. Bibb Superior Court. October Term, 1884.

Susan M. Artope *et al.* filed a motion to set aside a judgment previously rendered in favor of George R. Barker against J. B. Artope, as trustee, on the following grounds:

(1.) Because the declaration did not authorize the court to render the judgment, it not alleging that the articles furnished to the trustee were for the use of the trust estate; the terms of the trust not being shown, so as to disclose to the court its scope and purposes and what, if any, restrictions were placed upon the power of the trustee; no value

of the estate being alleged; it not being stated that the trust yielded an income, or whether encroachment upon the *corpus* would be necessary or proper; the condition in life or the wants of the *cestuis que trust* not appearing; and the declaration not alleging that the supplies were furnished for the use of the beneficiaries.

(2.) Because the declaration did not show how or in what manner the trust estate became liable for the payment of the debt, and because the evidence submitted upon the trial was not sufficient to authorize the court to grant the judgment.

(3.) Because the declaration is fatally defective in failing to disclose that the beneficiaries were *sui juris*, it being a suit to render a trust estate liable for the individual debt of the trustee.

(4.) Because the declaration failed to set out the names of all the *cestuis que trust*, the names of certain minors being omitted.

(5.) Because none of the beneficiaries were served, though some of them were of age, but only the trustee.

(6.) Because no trust estate, as alleged, ever existed.

(7.) Because the judgment was contrary to law and evidence.

The declaration in the original case of Barker *vs.* Artope, trustee, was as follows:

"Petition of George R. Barker showeth that J. B. Artope, of said county, as trustee of his wife, Mrs. S. M. Artope, and of his children (stating names), who are the beneficiaries of the trust estate, is indebted to your petitioner in the sum of one hundred and sixty-four dollars on a promissory note, dated July 30, 1880, and due six months after said date, payable to petitioner or bearer, a copy of which is hereto annexed as Exhibit A; and also in the sum of fifty-one 33-100 dollars on an open account, as will fully appear by reference to a bill of particulars hereto annexed as Exhibit B. Said debts, both note and account, were contracted by said trustee in the purchase from petitioner of provisions for the use and support of said beneficiaries. The same consisted of groceries and supplies, and were sold to said trustee as such for said beneficiaries, and the said trust estate became thereby liable to pay said petitioner said demand.

"The trust estate of said trustee consists of the following property : (giving numbers, sizes and location of lots).

"Said trustee neglects and refuses to pay said note and account. Wherefore," etc.

Attached to the declaration was a copy of the note and account. Judgment was rendered by default on October 11, 1881, by the judge of the county court, where the suit was pending. It recited that the note was an unconditional contract in writing, that the account was proved, and that it appeared that the trust estate was liable.

Copies of two deeds were attached to the petition to set aside the judgment. The first was by J. B. Artope to Mrs. Susan M. Artope for life, with remainder to the grantor's children. It contained the following clause :

"And I hereby consent and agree that I will hold and have seized of all said property, as trustee for my said wife, as her sole and separate property, and not in any way for myself or as my property."

The second deed was similar to the first, and contained this clause :

"And I, the said James B. Artope, hereby covenant with said Susan M. Artope, her heirs and assigns, that I will have seized and possessed of said property and all of same for her and their sole and separate use and benefit, and not in any way for myself individually."

Barker and the sheriff were served. Artope, trustee, does not appear to have been made a party.

The case was carried to the superior court by appeal. On demurrer, the court dismissed the petition, and petitioners excepted.

ALEX. PROUDFIT, by C. L. BARTLETT, for plaintiffs in error.

HILL & HARRIS, for defendant.

BLANDFORD, Justice.

This was a motion to set aside a judgment rendered against J. B. Artope, as trustee for movants, he not being a party to this motion. The defendant in error demurred.

to the motion, which the court sustained, and movants excepted. The motion alleged many facts which, if true, would have defeated the judgment. The motion to set aside a judgment, like a motion in arrest, must be grounded on defects apparent on the face of the record, and these defects must be such as are not amendable. Code, §3587. And it differs from a motion in arrest only in this, that the latter must be made during the term, while the former can be made at any time within the period of the statute of limitations Code, §3588. There are no defects in the record of the case but what were amendable; consequently they are cured by the judgment. It would have been better for defendant in error to have set out the trust, its terms and character, and the declaration would have been subject to demurrer for a failure in this respect; yet it would have been amendable, and after judgment this defect is cured, and a motion to set aside the judgment for amendable defects cannot be sustained. If the plaintiffs in error have any such rights as they maintain, they can be heard fully in a court of equity, where the rights of all the parties can be heard and determined; to that court we must refer the plaintiffs in error.

Judgment affirmed.