HASKENS *et al. v.* THE STATE.

HASKENS *et al. v.* HART, Judge.

1. A judge of the superior court has no authority to entertain a motion made in vacation to set aside a judgment of that court.
2. When the judge of a superior court refuses to entertain a motion made in vacation to set aside a judgment of that court in a criminal case, and a bill of exceptions assigning error on this refusal is filed in the office of the clerk of the superior court, this court will not by mandamus compel the judge to do any act which would have the effect to supersede the judgment sought to be set aside.

Submitted February 17, — Decided March 11, 1902.

Conviction of manslaughter.    Mandamus nisi.    Before Judge Hart.    Laurens superior court.    December 29, 1901.

*J. R. Cooper* and *M. W. Harris,* for plaintiffs in error.
*H. G. Lewis, solicitor-general,* contra.

COBB, J.    Jack Haskens and Jesse Webb were convicted, during the July term, 1901, of the superior court of Laurens county, of voluntary manslaughter, and were each sentenced to a term of five years in the penitentiary.    On December 29, 1901, they presented to the Honorable John C. Hart, judge of the superior courts of the Ocmulgee circuit, which embraces the county of Laurens, a motion to set aside the judgments and sentences against them, assigning various reasons why the same were illegal and void.    On the day named the judge entered an order on the motion, reciting that as it was without merit a rule nisi thereon is denied.    To this ruling the movants excepted.    Their bill of exceptions was certified on January 6, 1902, and, after having been duly served upon the solicitor-general, was filed in the office of the clerk of the superior court on January 13, 1902.    On January 14, 1902, the movants presented to this court a petition, in which were set forth the facts above referred to, and in addition thereto it was alleged that the movants,

upon filing their bill of exceptions, requested the judge to fix the amount of the bond to be given by them in order that they might obtain a supersedeas under the provisions of the Penal Code, § 1077. The movants further alleged that the judge refused to fix the amount of the bond, upon the ground that they were not entitled to a supersedeas; and they prayed that this court would by mandamus compel the judge to fix the amount of a bond so that the same might be accepted by the clerk, and the judgments under which they had been sentenced to the penitentiary be superseded until the case was disposed of in this court. Upon this application a mandamus nisi was granted, and the judge in answer thereto set up, among other reasons why he had refused to fix the amount of a bond to be given by the movants, that the motion to set aside the judgments was tendered to him in vacation, that he was without jurisdiction to entertain the same, and was therefore without authority to grant any order or to do any act which would have the effect of superseding the judgments of Laurens superior court under which the movants had been sentenced to the penitentiary.

Can the judge of a superior court entertain or pass upon a motion made in vacation to set aside a judgment of that court? If he can not, then the decision of Judge Hart refusing to grant a rule nisi on the motion in the present case was correct, without reference to the reasons stated by him in his order which was entered on the motion. The judgments sought to be attacked are judgments of the superior court, that is, judgments rendered by the court at a regular term thereof. What control has the judge in vacation over the judgments of the superior court rendered in term time? The Civil Code, § 4325, answers this question. "Said judges can not exercise any power out of term time, except the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." The code provides that either party to a judgment may move to set it aside for any defect not amendable which appears on the face of the record or pleadings, and that such motion "may be made at any time within the statute of limitations." Civil Code, §§ 5362–3. Unless the provision of the code just referred to authorizes a judge of the superior court to entertain a motion made in vacation to set aside a judgment, there is no express law giving this authority, so far as we have been able to find. Keeping in mind that the law in terms declares that the

judge in vacation can not do any act unless the authority be expressly granted, can the language of the section above referred to be properly construed to be an express grant of power to entertain a motion made in vacation to set aside a judgment? When the code declares that such a motion may be made *at any time* within the statute of limitations, does this mean that the judge out of term, wherever he may be within the State, either out of his circuit or within it, may entertain a motion to set aside a judgment rendered by him in term time? The statute of limitations referred to in the section cited is the statute which fixes the time within which motions to set aside judgments may be made at three years. Civil Code, § 3764. There being no law which in express terms says that the judge in vacation may entertain a motion made in vacation to set aside a judgment, the section above cited which points out the difference between a motion to set aside a judgment, the former of which must be made during the term at which the judgment was rendered, while the latter may be made at any time within the statute of limitations, must be construed, so far as the question of time is concerned, in connection with that section of the code which unequivocally declares that the judge can not exercise any power in vacation unless the authority is given by express law. In other words, if the power of the judge to pass upon a matter in vacation is set up under any law, and the law is doubtful or ambiguous on this question, the doubt or ambiguity will be resolved against the power of the judge to entertain jurisdiction in vacation. The only law under which the right of the judge to entertain a motion made in vacation to set aside a judgment could be possibly claimed being the one above referred to, and, at best it being a matter of grave doubt whether the language of the same would be sufficient to confer this power upon the judge, the doubt must be resolved against the power of the judge to entertain the motion made in vacation.

The effect of this ruling is to construe the language of the code to mean that a motion to set aside a judgment may be entertained by the court which rendered it, provided the same is presented during term and within three years from the date of its rendition. That the last day of the three years might happen to be at a time when the court was not in session would be no sufficient reason to authorize a ruling that the judge could exercise an authority in vacation when

there was nothing in the statute expressly conferring that right. It is better to give the law a construction which might have the effect in a given case to apparently shorten the period fixed by the statute of limitations than to construe a doubtful and equivocal provision of law as authority for the judge to exercise a power in vacation which was not expressly granted. The motion to set aside the judgment does not show whether it was presented in term time or vacation. There are some recitals in the motion which might indicate that it was presented in vacation. There are none to indicate that it was presented in term. As the judge had no authority to entertain the motion if it was made in vacation, it was incumbent upon the movants to show upon the face of the petition that it was presented at a time when the judge had authority to entertain the same. We have, for this reason, treated the motion as having been presented in vacation; and as the judge had no authority to entertain the same when made in vacation, he committed no error in refusing to grant a rule nisi thereon. In reference to the application for a mandamus, it distinctly appears from the answer of the judge that the motion was presented to him in vacation. When the motion was presented to the judge he had no authority or jurisdiction whatever over the matter, and the only thing which he could properly do was to refuse to act on the motion. The refusal to grant a rule nisi was in effect a refusal to exercise authority or jurisdiction in the matter. While this refusal could be made the subject-matter of a bill of exceptions and the case be thus brought to this court by writ of error, the fact that the judge had no authority or jurisdiction whatever in reference to the matter was not in the slightest degree changed by reason of a bill of exceptions having been filed. The judgments of Laurens superior court, under which the movants were sentenced to the penitentiary, were and are, so far as this motion is concerned, valid and subsisting judgments, and the judge in the present case could do nothing whatever in vacation which would have the effect of arresting their progress. The judge having no control whatever in vacation over the judgments of Laurens superior court, this court will not by mandamus compel him to do any act which would have the effect of superseding one of such judgments.

*Judgment affirmed. Mandamus nisi discharged. All the Justices concurring, except Little, J., absent.*