### 279. GEORGIA RAILWAY AND ELECTRIC CO. v. HAMER.

POWELL, J. 1. Until the end of the term at which rendered, judgments are "in the breast of the court," and may be set aside or modified at the judge's discretion; but to set aside a final judgment based on a verdict, except for defects appearing on the face of the record, the verdict must also be set aside; and the verdict is not "within the breast of the court" in the sense that the judgment is. *Ayer* v. *James*, 120 *Ga.* 580; *Jordan* v. *Tarver*, 92 *Ga.* 379; *Clark's Cove Guano Co.* v. *Steed*, Id. 440; *Regopoulas* v. *State*, 116 *Ga.* 596; *Tietjen* v. *Merchant's Bank*, 117 *Ga.* 502.

2. Any motion to set aside a verdict, based on matters not appearing on the face of the record, is in effect a motion for a new trial and is subject to all the rules of law governing such motions. *Lucas* v. *Lucas*, 30 *Ga.* 191, 206; *Prescott* v. *Bennett*, 50 *Ga.* 272; *Hyfield* v. *Sims*, 87 *Ga.* 282; *McCrary* v. *Gano*, 115 *Ga.* 296.

3. A brief of the evidence is an indispensable statutory requisite to a valid motion for a new trial. This is true even though the verdict be directed by the court, and even though the motion be based on grounds which do not require a consideration of the evidence. *Moxley* v. *Georgia Ry. & Elec. Co.*, 122 *Ga.* 493; *Mize* v. *Americus Mfg. & Imp. Co.*, 106 *Ga.* 140; *Baker* v. *Johnson*, 99 *Ga.* 374.　　　*Judgment reversed.*

Motion to set aside judgment, from city court of Atlanta—Judge Reid.　October 29, 1906.

Argued April 9,—Decided April 25, 1907.

*Rosser & Brandon, Walter T. Colquitt,* for plaintiff in error.

*Sidney C. Tapp,* contra.