## 5830.  GARFIELD OIL MILLS *v.* STEPHENS.

1. It is not necessary at this time to decide whether a motion in arrest of judgment can be joined with a motion to set aside a judgment.  The judgment striking those paragraphs of the plaintiff's motion as to which exception is taken was in any event correct.
2. Treated as a motion in arrest of judgment, the motion was too late, since it was filed after the date on which the term of the city court at which the judgment was rendered was closed as a matter of law.
3. Whether the matter dealt with in the stricken paragraphs of the motion could or could not properly be treated as equivalent to a motion for a new trial, and whether these allegations could or could not be joined with a motion in arrest of judgment, it was not error for the trial judge to overrule these grounds; nor was it error prejudicial to the plaintiff to strike them on oral motion, since, considered as grounds for a motion for a new trial, they were insufficient, and the plaintiff in error could not complain that the same result was less technically reached by dismissal.
4. The court did not err in permitting the defendant to reduce the amount of the judgment so as to bring it within the jurisdiction of the monthly term.  The jurisdiction of a court is determined by its power or its lack of power to deal with a plaintiff's petition.  It is the amount laid in the plaintiff's suit that fixes the jurisdiction, and not the verdict or amount proved, and all over the amount so laid can be written off.
5. There was no error in overruling the motion.

DECIDED AUGUST 4, 1915.

Motion to set aside judgment; from city court of Dublin—Judge Hicks.  May 12, 1914.

*J. S. Adams,* for plaintiff.  *Ira S. Chappell,* for defendant.

RUSSELL, C. J.  Garfield Oil Mills sued Stephens upon open

account for the sum of $86.69. The suit was brought to a monthly term of the city court of Dublin, the process requiring the defendant to appear at the April monthly term, 1913. At that term the defendant filed his answer and a plea of set-off and recoupment, alleging that the plaintiff owed him the sum of $277.89, and praying for a judgment against the plaintiff; and at the same term he demanded a trial by jury. The amount involved being over $50, and the defendant having exercised his right to demand trial by jury under the terms of the act establishing the court (Acts 1900, pp. 117, 124), it followed, as the legal result, that the case was transferred from the April monthly term of the court to the June quarterly term, and thereafter stood for trial at the succeeding quarterly terms until it should be disposed of. For reasons not disclosed by the record, the case was not tried until the March quarterly term, 1914. At that term the plaintiff, through its counsel, made a motion for a continuance, which was overruled. The case was then submitted to a jury and a verdict was returned in favor of the defendant for $148.33, this being the full amount of the excess of the defendant's demand over that of the plaintiff. Afterwards, during the same term, as appears from the recitals of the bill of exceptions, the plaintiff filed its motion to arrest the judgment and set aside the same. The defendant filed no answer to the motion, but moved to strike the 7th, 8th, and 9th paragraphs, which embodied a motion to set aside the judgment and declare it void for the following reasons: (7) Because the plaintiff is a corporation, and on March 10, 1914, when the case was tried and the judgment rendered, R. J. Walsh, the manager of the corporation and the only person who had control, knowledge, and management of the case, and who resided approximately 75 miles from the city of Dublin, where the case was being tried, was unable to be present, "there being sickness in the family of said Walsh," and he had no opportunity to communicate this fact to the court, nor was his counsel aware of the condition of Walsh's family. (8) Because the court overruled a motion for continuance when the case was called for trial. (9) Because if Walsh had been present, the plaintiff could and would have shown by his testimony that the plaintiff had furnished the defendant the sum of $2,159.55 to buy cottonseed, and that the defendant had paid back in the purchase of seed only the sum of $2,072.86, including his commissions. In other words, if

Walsh had been present the plaintiff could and would have shown by his testimony the correctness of each and every item of debits and credits set forth in the bill of particulars attached to the original petition; and there was no other person connected with the plaintiff corporation who was in a position to testify to these facts.

Upon the defendant's oral motion, the court struck from the petition to vacate the judgment the foregoing paragraphs. This action of the court restricted the scope of the motion to set aside the judgment to the inquiry whether the court had jurisdiction of a set-off or recoupment amounting to over $100, and whether the amount found in favor of the defendant could be credited only so far as necessary to extinguish the plaintiff's demand, leaving the defendant to sue in a subsequent action for the remainder of his claim, or whether the court could render judgment in favor of the defendant for such an amount of the defendant's demand in excess of the plaintiff's account as might be shown by the evidence, or only for such an amount as might be within the jurisdiction of the monthly terms of the city court of Dublin. Of course, together with this inquiry there was also raised the question as to whether the pleadings of the defendant, upon which the judgment in his favor was based, were so fatally defective that no legal judgment could be rendered thereon; for the reason, as alleged, that the quarterly term of the city court of Dublin could not entertain a case brought to the monthly term, and was without jurisdiction to render the judgment. The plaintiff offered to submit proof in support of the 7th, 8th, and 9th paragraphs of its motion, the substance of which we have already given, and the court, by refusing to hear this testimony, again adjudged that the facts stated in these paragraphs, even if proved, afforded no reason for setting aside the judgment. Thereafter, on motion of counsel for the defendant, the court permitted the defendant to write off $48.33 from the judgment of $148.33, thus reducing the judgment to $100, and thereupon overruled the motion to set aside the judgment for $100 in favor of the defendant. The motion to set aside and arrest the judgment was filed on April 27, 1914, and was heard May 12, 1914, on which date the court passed the order overruling the motion, to which exception is taken.

It is not necessary at this time to decide whether a motion in arrest of judgment can be joined with a motion to set aside a

judgment. The rights of the present plaintiff in error are not affected by any decision upon that question, because apparently the judgment was correct upon the merits, and the question whether a motion in arrest and a motion to set aside a judgment can be joined in the same proceeding does not appear to have been expressly raised in the lower court so as to require an adjudication by this court upon the point.. Whether the petition to set aside the judgment be treated as a motion in arrest or as a motion to set aside a judgment, or as a joinder of the two, we think the judge could very well have dismissed the proceeding, upon the ground that it was filed too late; and it is only because the motion was not given that direction in the lower court that we shall consider the assignments of error. It is insisted by learned counsel for the plaintiff in error that the contention of counsel for the defendant in error that the motion was filed too late is dehors the record, it being recited in the bill of exceptions that April 27, 1914, the day on which the motion was filed, was "during the regular March quarterly term, 1914, of said court." Ordinarily, of course, recitals in a bill of exceptions are conclusive, and it is only when the recitals of fact in the bill of exceptions are in conflict with statements of the transcript of the record that such recitals of fact can be questioned. However, the recitals of fact in the bill of exceptions, though accepted as true, are not necessarily conclusive when it affirmatively appears that they rest upon conclusions not warranted by law. The statement of fact embodied in the present bill of exceptions is that the motion to set aside the judgment was filed on April 27, 1914, and this follows what also purports to be a statement of fact,—that the motion was filed during the regular March quarterly term, 1914, of the court. This court, however, is judicially compelled to know that under section 19 of the act establishing the city court of Dublin (Acts 1900, p. 117) the monthly terms of this court are required to be held on the second Monday in each month, and the quarterly terms to be held on the first Mondays in March, June, September, and December, and we know as a matter of common knowledge that the 27th of April is necessarily subsequent to the second Monday in that month. Consequently we know that the April monthly term began prior to April 27, 1914, and as the March quarterly term, 1914, must, as a matter of law, have been closed at least five days before the time set for the beginning

of the April monthly term, this court must have knowledge that a paper filed on April 27, 1914, was not filed during the March quarterly term of the city court of Dublin. Under the express provisions of the Civil Code, § 4877, the judges of the superior and city courts must adjourn the terms of their courts at least five days before the commencement of the next regular term, and, the record being silent upon the subject, it must be conclusively presumed that the March quarterly term adjourned in accordance with law at least five days before the April monthly term, 1914. The identical question was raised and was ruled upon in *Coulson* v. *State*, 13 *Ga. App.* 148 (3), 152 (78 S. E. 1108), in which we held that the judge of a city court has no power to keep a term of his court open, by adjournment from one day until another, beyond the next regular term. If a timely motion to dismiss the present proceeding had been made upon the ground that the motion was filed too late, the trial judge, no doubt, would have dismissed it, but the point is not before us, and we shall confine our rulings to the assignments of error to which learned counsel for plaintiff in error restricts his argument.

The right of the Garfield Oil Mills to have the judgment against it set aside depended upon the provisions of sections 5957 and 5959 of the Civil Code. Section 5957 provides: "When a judgment has been rendered either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." Section 5959 declares: "A judgment can not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as a matter of form." A motion in arrest of judgment differs from a motion for a new trial in that the motion in arrest of judgment must be predicated upon some defect appearing on the face of the record or pleadings, while extrinsic matter which might authorize the setting aside of a verdict must generally be presented by a motion for a new trial. There are instances in which so-called motions to set aside judgments have been granted where based upon matters not appearing in the record, but in those cases the motions, though denominated as motions to set aside judgments, were filed during the term at which the judgment was rendered, and were treated as motions for a new trial, and in fact were motions for a new trial. See *Benford* v. *Shiver*, 13 *Ga. App.* 135 (78 S. E. 860) ; *Wright*

v. *Bank,* 13 *Ga. App.* 347 (79 S. E. 184). The difference between a motion in arrest of judgment and a real motion to set aside a judgment for defects appearing from the record is that a motion in arrest of judgment must be made during the term at which the judgment was rendered, while a motion to set aside a judgment may be filed at any term of the court, within the statute of limitations. Civil Code, § 5958; *Haskins* v. *State,* 114 *Ga.* 839 (40 S. E. 997). Whether a motion in arrest of judgment and a motion to set aside a judgment may or may not properly be joined in the same proceeding, it is apparent that if the purpose of the motion was to arrest the judgment, the proceeding would have to be filed during the term at which the judgment was rendered; and if that portion of the proceeding which purported to be a motion to set aside a judgment amounted in fact (as in *Benford* v. *Shiver,* supra) to no more than a motion for a new trial, the so-called motion to set aside would likewise have to be filed before the adjournment of the term at which the judgment was rendered. In the present case, therefore, conceding that the validity of the motion to set aside the judgment upon the grounds stated in the 7th, 8th, and 9th paragraphs of the plaintiff's motion is controlled by the ruling in *Benford* v. *Shiver,* supra, still we know of no rule by which a motion for a new trial can be joined in the same proceeding with a motion in arrest of judgment; and the trial judge, therefore, did not err in striking, for this reason, the 7th, 8th, and 9th paragraphs.

Even if the matter contained in these paragraphs, which really constitute proper matter for a motion for a new trial, could have been joined with a motion in arrest of judgment, it would not have been error for the trial judge to overrule these grounds; nor was it error prejudicial to the plaintiff to strike them on oral motion, since, considered as grounds of a motion for a new trial, they were insufficient. Admitting all the facts stated in the 7th paragraph of the plaintiff's motion, and treating it as a valid motion to set aside the verdict and to grant a new trial, no reason is shown which would have required the trial court to grant a continuance. It is stated that there was sickness in the family of the plaintiff's only witness, but it is not stated that this sickness required the attention of the witness. It is stated that the witness lived approximately 75 miles from the city of Dublin, where the trial was had, but it is not stated why he had no opportunity to communicate the reasons

for his absence to the court. That a witness was 75 miles from a court, in this day of telegraph, telephones, and automobiles, does not compel the conclusion that he could not by the exercise of due diligence have communicated with the court, if sickness came suddenly upon his family. Certainly if the sickness of some member of the family of the witness which required his special attention had been existing for some time before the court convened, a palpable lack of diligence on his part would be apparent. The 8th paragraph of the motion is too incomplete to present an assignment of error. The statement in the 9th paragraph, in that if Walsh had been present the result of the trial would have been different, is merely a matter of conjecture. But even if the result would have been different if Walsh had been present and had testified as it was alleged he would have done, the court would not have been authorized to set aside the verdict rendered at a proper time and place, and in which the defendant had a property right, unless and until it had been made plainly to appear to the court that there was a good reason for the absence of the witness. If the 7th, 8th, and 9th paragraphs of the motion could be treated as a technical motion to set aside a judgment, the court did not err in striking it on oral motion (equivalent to a general demurrer), as being fatally defective. If this part of the motion be treated as grounds of a motion for a new trial, they should have been overruled by the court, and the plaintiff in error can not complain that the same result was less technically reached by dismissal.

The court did not err in permitting the defendant to write off $48.33 from the judgment and to bring the judgment down to $100, so as to bring it within the jurisdiction of the monthly term. The jurisdiction of a court is determined by its power or its lack of power to deal with a plaintiff's petition. It is the amount of damages laid in the plaintiff's suit that fixes the jurisdiction, and not the verdict or amount of damages proved, and all over the amount so laid can be written off. *Velvin* v. *Hall*, 78 *Ga.* 136. "A court acquires jurisdiction by the suit of the plaintiff, and then is required to hold it until justice is done between the parties." *Simon* v. *Myers*, 68 *Ga.* 79. Counsel for the plaintiff in error relies on the decision in *Ware* v. *Fambro*, 67 *Ga.* 515, in which it was held that where, in a suit in a justice's court, the defendant pleaded a set-off of $100, and, on the appeal trial in that court, the jury

found for the defendant an amount in excess of the plaintiff's demand, of more than $100 as principal, the court could not do more than order the claim of the plaintiff to be credited on that of the defendant, and thus defeat a recovery by the former. The contention of the plaintiff is that, the defendant having pleaded an amount in excess of the jurisdiction of the monthly term of the city court of Dublin, no verdict or judgment whatever could be rendered in the defendant's favor, for any amount in excess of the plaintiff's demand; that is that the defendant could only have the plaintiff's demand credited on his demand, thus defeating the plaintiff's action, and requiring the defendant, if he wishes to recover the remainder, to sue therefor in some other court. The case of *Ware* v. *Fambro* is not in point and the ruling therein is not applicable to this case. The decision in the *Ware* case was based upon the provisions of section 4166 of the Code of 1873 (Civil Code of 1910, § 4759), which relates entirely to suits in justice's courts. There is good reason for this provision as related to justice's courts, because they are not courts of record, but it is expressly confined to these courts. The contention that, since the defendant had filed a plea asking judgment against the plaintiff for an amount over $100 (the limit of the amount within the jurisdiction of the monthly term of the court to which the plaintiff had filed its suit), there could be no recovery in any amount by the defendant is untenable, because the plaintiff's suit fixes the jurisdiction of the court; and no matter what amount the defendant pleads, he can not recover anything in excess of the specific amount to which the jurisdiction of the court is confined. Just as an appeal to a court of larger jurisdiction does not confer upon that court greater jurisdiction than that of the court originally trying the case, and, if the jury find an amount in excess of the jurisdiction of the original court the verdict may be written off so as to bring it within the jurisdiction of the lower court, so in this case it was proper for the defendant to write off the excess, as he was permitted by the court to do. The jurisdiction was fixed by the plaintiff's suit; and, the verdict for $148.33 as rendered being over the jurisdiction, it was proper for it to be written down to a sum within the jurisdiction. *Giles* v. *Spinks,* 64 *Ga.* 205 (2), 207. It must be conceded, since the jurisdiction of the monthly term is fixed at $100, that the defendant might, upon a plea of

set-off, recover $100, regardless of what was the amount of the plaintiff's original demand (provided it was not more than $100); and since the defendant could not recover more than $100, it was proper for the court to direct that it be reduced to that amount.

The original judgment was not void, but merely voidable. It is questionable whether the court, at the time the judgment was amended, had jurisdiction to amend it, but the plaintiff in error, having instituted the proceedings which called the attention of the court to the defect and induced the amendment, is estopped from raising the point that the amendment was made in vacation.

*Judgment affirmed.*