## 7351. GILLESPIE v. FARKAS.

JENKINS, J. 1. While, under the code of this State, a judgment can not ordinarily be set aside, except for defects appearing upon the face of the record, there are instances in which motions so designated have been granted where based upon matters not so appearing. Whether such a petition be technically a motion to set aside a judgment, or denominated by other appropriate name under a proper proceeding by petition with rule nisi or process and service thereon, whenever such a petition is predicated upon matters extraneous to the record, it must ordinarily be filed at the term during which the judgment was rendered, inasmuch as such a petition partakes of the nature of a motion for new trial. *Garfield Oil Mills* v. *Stephens*, 16 *Ga. App.* 655 (85 S. E. 983); *Ford* v. *Clark*, 129 *Ga.* 292 (58 S. E. 818); *Moore* v. *Moore*, 139 *Ga.* 597 (77 S. E. 820); *Bourquin* v. *Bourquin*, 120 *Ga.* 115 (47 S. E. 639); *Union Compress Co.* v. *Leffler*, 122 *Ga.* 640 (50 S. E. 483).

2. In order for such a motion to be entertained, at a term subsequent to that at which judgment was rendered, the movant must show a meritorious defense which he was prevented from making by the fraud of the prevailing party, and that he was not in laches; and must show either that he had no notice of the judgment against him at the term of its rendition, or such other good cause as would excuse his failure to make such motion at that time. *Turner* v. *Jordan*, 67 *Ga.* 604.

3. Where a motion to set aside a judgment alleged to have been obtained by fraud is presented to the trial judge in vacation, after the term of the court at which the verdict and judgment were entered, the court will not have jurisdiction to entertain the motion or grant a rule nisi thereon. Civil Code, § 4854; *Haskens* v. *State*, 114 *Ga.* 837, 840 (40 S. E. 997); *Regopoulas* v. *State*, 116 *Ga.* 596, 598 (42 S. E. 1014); *Garfield Oil Mills* v. *Stephens*, supra; *Malsby* v. *Studstill*, 127 *Ga.* 726, 728 (56 S. E. 988).

4. Where the approved bill of exceptions shows that the trial judge, in vacation, granted a rule nisi on such a motion, returnable for hearing to the next regular term of his court, and that the motion was continued from the date so set to the next regular term of the court, the fact that the opposite party appeared as cited, and moved to dismiss the petition, would not operate as a waiver on his part, nor operate to confer jurisdiction upon the court to hear and determine the same.

In dismissing the motion to set aside the judgment as made by the plaintiff in error, the trial judge committed no error, and his judgment in so doing is

*Affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED JANUARY 23, 1917.

Motion to set aside judgment; from city court of Albany—Judge Clayton Jones. March 13, 1916.

*Walters & Redfearn,* for plaintiff in error.

*Leonard Farkas,* contra.