### 11793.　JAMES *v.* DOUGLASVILLE BANKING COMPANY.

JENKINS, P. J.　1. Where a judge is related by affinity to one who is an officer and stockholder of a plaintiff corporation, by reason of the grandmother of the judge's wife and the grandmother of such officer having been sisters, the relationship is in the third degree, under the rule of the canon law, and falls within the inhibition of section 4642 of the Civil Code (1910). Such a judge is disqualified from sitting in a case between the corporation and an individual defendant, except with the consent of both parties at interest. *Short* v. *Mathis,* 101 *Ga.* 287, 288 (28 S. E. 918); *Smith* v. *State,* 2 *Ga. App.* 574, 576 (59 S. E. 311); *Olliff* v. *State,* 1 *Ga. App.* 553, 555 (57 S. E. 941).

2. In the instant case a mortgage on realty was foreclosed and on the trial of the case the defendant's counsel denied the qualification of the judge, and, in support of his objection, stated in his place the facts of disqualification, which were not controverted, but the judge proceeded thereafter to hear the case and to enter a judgment of foreclosure; the defendant, at the same term of court, filed a motion to arrest, vacate, or set aside the judgment, upon the ground of such disqualification, and supported his allegations by uncontroverted proof at a hearing, after due notice to the opposite party. *Held*: The court erred in overruling the motion and in failing to set aside the judgment thus complained of. *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (91 S. E. 244); *State Mutual Life Ins. Co.* v. *Walton,* 142 *Ga.* 765, 766(3) (83 S. E. 656); *Shuford* v. *Shuford,* 141 *Ga.* 407, 408(9) (81 S. E. 115); *Rogers* v. *Felker,* 77 *Ga.* 46; *Brantley* v. *Greer,* 71 *Ga.* 11, 13.

3. While "a motion to set aside a *verdict,* based on matters not appearing on the face of the record, is in effect a motion for a new trial, and is subject to all the rules of law governing such motions," so as to require a brief of the evidence (*Ga. Ry. & Electric Co.* v. *Hamer,* 1 *Ga. App.* 673, 58 S. E. 54), yet where, as in the instant case, the motion was neither in terms nor effect a motion for new trial based upon a verdict, but was a motion to set aside a judgment in a case where the plea had been stricken and where no verdict had been rendered or was required (*Ray* v. *Atlanta Banking Co.,* 110 *Ga.* 305, 306(4), 35 S. E. 117; Civil Code (1910), § 3283), a brief of the evidence was unnecessary.

　　　　　　　　　*Judgment reversed. Stephens and Hill, JJ, concur.*

　　　　　　　　　DECIDED MARCH 16, 1921.

Motion to set aside judgment; from Douglas superior court —
Judge Irwin. June 14, 1920.

*W. A. James,* for plaintiff in error.

*D. S. Strickland,* contra.