## 12318.  HOLMES v. REVILLE.

JENKINS, P. J.  Suit was brought for a stated sum "besides interest" on an open account, a copy of which was attached to the petition. The case being in default, and there being no demand for a jury, the city-court judge, sitting without a jury, rendered a judgment for the plaintiff for the principal amount claimed, besides a stated sum as "interest to date of judgment," and future interest at the rate of 7%, the finding and judgment reciting that it was based "upon the evidence submitted." At a later term and more than six months thereafter the defendant filed a petition in the nature of a motion to set aside this judgment, upon the grounds, (1) that, although the petition claimed a principal sum "besides interest," and attached an exhibit showing the items of principal, it failed to show the dates of the account or any data upon which interest could have been computed, and that the judgment for interest was therefore unauthorized by the pleadings; and (2) that, although the finding and judgment recited that it was based "upon the evidence submitted," no evidence had in fact been offered by the plaintiff. The record shows that the original petition and process were personally served on the defendant. The motion as amended alleges that, while the movant had employed counsel to represent him in filing defenses at the first term, none were in fact filed. No legal cause for such failure, or for the failure to move to set aside the judgment at the term when it was rendered, was shown, save that the "petitioner did not know that such judgment had been rendered until within the last few days." At the hearing of the motion it was shown that no evidence other than the pleadings was offered by the plaintiff at the time when the judgment in question was taken.  *Held*:

1. When pleadings are so defective that no legal judgment can be rendered, the judgment will be arrested or set aside. Civil Code (1910), §§ 5957, 5959. But a judgment cannot be arrested or set aside for any defect in the pleadings or the record that may be aided by verdict or is amendable as matter of form. Civil Code (1910), § 5960; *Strickland* v. *Citizens Nat. Bank*, 15 *Ga. App.* 464 (83 S. E. 883). The mere failure in the instant case to include in the petition or exhibit the dates or other data upon which interest might be computed, being an amendable defect, did not render the judgment unauthorized by the pleadings. Civil Code (1910), § 5936; *Wilson* v. *Stricker*, 66 *Ga.* 575; *Davis* v. *Bray*, 119 *Ga.* 220 (46 S. E. 90).

2. Where a judgment is based upon a verdict or finding on facts, as the verdict or finding must be set aside before a motion to set aside the judgment can be granted for any cause not apparent on the face of the record or pleadings (*Ayer* v. *James*, 120 *Ga.* 578, 580, 48 S. E. 154), a motion to set aside the judgment, based solely upon matters of evidence, such as, as in the instant case, the want of evidence as to the amount of interest due, is tantamount to a motion for a new trial on the general ground that the verdict or finding is contrary to evidence and without evidence to support it, and thus is controlled by the rules of law governing such motions. *James* v. *Douglasville Banking Co.*, 26 *Ga. App.* 509 (106 S. E. 595); *Ga. Ry. & El. Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54); *Garfield Oil Mills* v. *Stephens*, 16 *Ga. App.* 655, 659 (85 S. E. 983). The second ground of the motion

being thus limited, in that it wholly fails to show any legal ground
or excuse for the failure to file defenses or to file a motion to set aside
the finding and judgment or a motion for new trial at the term when
the judgment was rendered, the court properly overruled the same.

> *Judgment affirmed. Stephens and Hill, JJ., concur.*
> DECIDED NOVEMBER 1, 1921.

Motion to set aside judgment; from city court of Athens ---
Judge Bradwell.    February 15, 1921.

*George C. Thomas, John J. Strickland,* for plaintiff in error.
*Austin Bell, Howell Cobb,* contra.

