## DAVIS *v.* BENNETT, superintendent, etc.

RUSSELL, C. J. The attempted action was a motion to set aside a judgment or decree. It was filed in vacation, and later likewise adjudicated in vacation. In both instances the court was without jurisdiction. The judgment which was sought to be set aside was rendered in term time. A judge of the superior court has no jurisdiction to entertain a motion to set aside a judgment where the motion is made in vacation. *Haskens* v. *State*, 114 *Ga.* 837 (40 S. E. 997); *United States Fidelity & Guaranty Co.* v. *First National Bank of Cornelia*, 149 *Ga.* 132 (99 S. E. 529), et cit. In technical procedural propriety the motion to set aside the judgment in question should have been dismissed; but since practically the same result was reached by the judgment overruling the motion upon its merits, this judgment may properly be affirmed, as a means of finally disposing of the matter. The judgment in this case is controlled by the ruling of this court in *Davis* v. *Bennett*, 158 *Ga.* 368 (123 S. E. 11). *Judgment affirmed. All the Justices concur.*

No. 4247. DECEMBER 11, 1924.

Equitable petition; intervention. Before Judge Sheppard. Bryan superior court. September 15, 1923.

*Oliver & Oliver* and *W. T. Burkhalter*, for plaintiff in error.
*Hitch, Denmark & Lovett,* contra.