18525. GROGAN *v.* DERANEY *et al.*

DECIDED JUNE 15, 1928.

Fred Morris, H. B. Moss, for plaintiff in error.

Morris, Hawkins & Wallace, contra.

JENKINS, P. J. 1. At common law, a motion in arrest of judgment was in the nature of a belated general demurrer based upon unamendable defects appearing upon the face of the pleadings, and could be made at the term during which the verdict was rendered, for the purpose of staying the further progress of the proceeding by preventing a judgment, void for such reasons, from being actually entered. At common law, the purpose of a motion to set aside a judgment was to permit a litigant, within a reasonable time after a judgment had been actually entered, to appeal to the sound legal discretion of the judge to vacate it, on the ground that it had been obtained in violation of some rule of practice, whether appearing upon the face of the record or not.

2. The rule in force in this State relating to such motions is statutory, and is not intended as a statement of the common law. *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014); *Ford* v. *Clark,* 129 *Ga.* 292, 294 (58 S. E. 818).

3. Under the Georgia code, § 5957, "when a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." A motion in arrest of judgment differs from a motion to set aside a judgment in that a motion in arrest must be made during the term at which the judgment was obtained (*Berger* v. *Saul,* 109 *Ga.* 240, 34 S. E. 1036), while a statutory motion to set aside a judgment, though not available in vacation, may be made at any term within the statute of limitations. Civil Code (1910), § 5958; *Haskens* v. *State,* 114 *Ga.* 837 (40 S. E. 997); *Davis* v. *Bennett,* 159 *Ga.* 332 (125 S. E. 714). There are decisions to the effect that the distinction thus indicated constitutes the only difference between a motion to set aside and a motion in arrest (*Artope* v. *Barker,* 74 *Ga.* 462, 465; *Regopoulas* v. *State,* supra), but, as pointed out in *Ford* v. *Clark,* supra, such a statement is not entirely accurate, since under the provisions of section 5961 of the code a

judgment may be set aside, but not arrested, for reasons not appearing upon the face of the record, where it is made to appear that the verdict was obtained by perjury. Moreover, it has been many times held that even though the defect may not appear upon the face of the record, a court of law is not deprived of jurisdiction to grant relief against judgments irregularly or improperly obtained, upon timely application by petition, with rule nisi or process and service upon the necessary parties. *Union Compress Co.* v. *Leffler,* 122 *Ga.* 640, 642 (50 S. E. 483); *Garfield Oil Mills* v. *Stephens,* 16 *Ga. App.* 655, 659 (85 S. E. 983); *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (91 S. E. 244); *Lyons* v. *State,* 7 *Ga. App.* 50, 53 (66 S. E. 149). A proceeding such as last mentioned is not technically a statutory petition to set aside, but is in effect a motion for a new trial, and is subject to all the rules governing such a motion. *Miraglia* v. *Bryson,* 152 *Ga.* 828 (111 S. E. 655); *Holmes* v. *Reville,* 27 *Ga. App.* 552 (2); *Donalson* v. *Bank of Jakin,* 33 *Ga. App.* 428 (127 S. E. 229).

4. In addition to the rights and remedies that have been mentioned, there is still another well-recognized rule of law to the effect that courts of record retain full control over their own orders and judgments during the term at which they are entered, and in the exercise of a sound legal discretion may revise or vacate them, as the ends of justice may require, such discretion not being controlled by courts of review unless manifestly and flagrantly abused. *Bowen* v. *Wyeth,* 119 *Ga.* 687 (46 S. E. 823); *Van Dyke* v. *Van Dyke,* 120 *Ga.* 984, 986 (48 S. E. 380); *Athens Apartment Corporation* v. *Hill,* 156 *Ga.* 437, 443 (119 S. E. 631); *Patterson Produce &c. Co.* v. *Wilkes,* 1 *Ga. App.* 430 (57 S. E. 1047). But the discretion thus vested in courts of record, even over their own judgments and decrees, is not arbitrary, but legal. *Van Dyke* v. *Van Dyke,* supra; *Glenn* v. *Glenn,* 152 *Ga.* 793 (2, 3) (111 S. E. 378); *American Agricultural Chemical Co.* v. *Bank of Madison,* 32 *Ga. App.* 473, 475 (123 S. E. 921). The judgment and orders thus said to remain "in the breast of the court" do not include judgments based upon the verdict of a jury (*Georgia Railway & Electric Co.* v. *Hamer,* 1 *Ga. App.* 673, 58 S. E. 54), which do not, therefore, come within the scope of such plenary powers and discretion. In order for a judgment based upon the verdict of a jury to be set

aside, resort must be had to one of the remedies enumerated in the third division of this decision.

5. In the instant case the petition to set aside was not instituted as an equitable proceeding under the provisions of section 5965 of the Civil Code; it does not purport to be a motion in arrest, or a motion to set aside in the nature of a motion for a new trial, but purports to be a petition instituted at the term at which the judgment was rendered, invoking the discretionary powers of the presiding judge, such as are referred to in the fourth division of this decision. Under the ruling there made the defendant was not entitled to invoke the discretionary powers of the judge to vacate his own orders and judgments, which are said to remain within the breast of the court during the continuance of the same term; it is therefore unnecessary to decide whether, in the proper exercise of such a discretion, a judgment might be set aside without any sort of legal justification. The defendant being relegated to the legal rights and remedies set forth in the third division above, and having shown no reason why the judgment should be set aside, other than his absence and the absence of his counsel at the time the verdict and judgment against him were rendered, and having assigned no reason for his absence except that he did not actually know that the case would be called, and no reason for such lack of knowledge except that he had not been advised by his counsel, upon whom he relied for notice, and that his counsel, with defendant's knowledge, had previously removed his residence from the State of Georgia, the court erred in overruling the demurrer to the petition to set aside the judgment.

*Judgment reversed. Stephens and Bell, JJ., concur.*