### 19545. SCHOFIELD'S SONS COMPANY *v.* VAUGHN *et al.*

DECIDED NOVEMBER 15, 1929.

*W. B. Smith, Jones, Jones, Johnston & Russell,* for plaintiff.
*John K. Whaley, George H. Harris,* for defendants.

JENKINS, P. J. 1. Under the Civil Code (1910), § 5654, a defendant, at any time within thirty days after an entry of "default" and before judgment, upon payment of all accrued costs, may, as a matter of right, open the default and file his defense; and under section 5656 of the Civil Code the judge may at the trial term, on payment of costs and before judgment, "allow the default to be opened for providential cause preventing the filing of a plea, or for excusable neglect, or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened on terms to be fixed by the court." It is provided, however, that in order to allow the default to be opened at the trial term, the showing shall be made under oath and shall set up a meritorious defense, and the defendant shall offer to plead instanter and announce ready to proceed with the trial. The rules laid down by sections 5654 and 5656 can not, however, apply to a case in which no judgment of "in default" has been en-

tered, since in such cases a plea to the merits filed after the appearance term does not come too late, if filed before judgment. *Hall* v. *Tiedeman,* 141 *Ga.* 602 (81 S. E. 868). Where the case is not marked "in default," although the defendant might thus, at the trial term and before judgment, file his plea to the merits, if such be not done at the time the case is submitted for trial, it "shall be considered in default," and the plaintiff is entitled to take a verdict and judgment just "as if each and every item and paragraph were proved by testimony." Civil Code (1910), § 5662. After such verdict and judgment against the defendant, the rules governing the opening of defaults are without application.

There is a well-recognized rule of law to the effect that courts of record retain full control over their own orders and judgments during the term at which they are entered, and in the exercise of a sound legal discretion may revise or vacate them, as the ends of justice may require, such discretion not being controlled by courts of review unless manifestly and flagrantly abused. But the judgments and orders thus said to remain "in the breast of the court" do not include judgments based upon the verdict of a jury, which do not come within the scope of such plenary powers and discretion. *Georgia Railway Co.* v. *Hamer,* 1 *Ga. App.* 673 (58 S. E. 54) ; *Grogan* v. *Deraney,* 38 *Ga. App.* 287, 290 (143 S. E. 912). Accordingly, in a suit in the superior court on promissory notes, for principal, interest, and attorney's fees, where at the trial term, in the absence of any defense, a judgment against the defendant has been entered, based upon the verdict of a jury, the defendant, in order to avoid the judgment, is relegated to his right to attack the judgment by motion to set aside or in arrest of judgment, or by a proceeding in the nature of a motion for a new trial.

Under the Civil Code, § 5957, "when a judgment has been rendered, either party may move in arrest thereof, or to set it aside for any defect not amendable which appears on the face of the record or pleadings." A motion in arrest of judgment differs from a motion to set aside a judgment in that a motion in arrest must be made during the term at which the judgment was obtained (*Berger* v. *Saul,* 109 *Ga.* 240, 34 S. E. 1036), while a statutory motion to set aside a judgment, though not available in vacation, may be made at any term within the statute of limitations. Civil Code (1910), § 5958; *Haskens* v. *State,* 114 *Ga.* 837 (40 S. E. 997) ;

Davis v. Bennell, 159 Ga. 332 (125 S. E. 714). There are decisions to the effect that the distinction thus indicated constitutes the only difference between a motion to set aside and a motion in arrest (Artope v. Barker, 74 Ga. 462, 465; Regopoulas v. State, 116 Ga. 596, 42 S. E. 1014), but, as pointed out in Ford v. Clark, 129 Ga. 292, 294 (58 S. E. 818), such a statement does not seem entirely accurate, since, under section 5961 of the Civil Code, a judgment may be set aside, but not arrested, for reasons not appearing upon the face of the record, where it is made to appear that the verdict was obtained by perjury. Moreover, it has been many times held that even though the defect may not appear upon the face of the record, a court of law is not deprived of jurisdiction to grant relief against judgments irregularly or improperly obtained, upon timely application by petition, with rule nisi or process and service upon the necessary parties. Union Compress Co. v. Leffler, 122 Ga. 640, 642 (50 S. E. 483); Garfield Oil Mills v. Stephens, 16 Ga. App. 655, 659 (85 S. E. 983); Gillespie v. Farkas, 19 Ga. App. 158 (91 S. E. 244); Lyons v. State, 7 Ga. App. 50, 53 (66 S. E. 149). A proceeding such as last mentioned is not technically a statutory petition to set aside, but is in effect a motion for a new trial, and is subject to all the rules governing such a motion. Miraglia v. Bryson, 152 Ga. 828 (111 S. E. 655); Holmes v. Reville, 27 Ga. App. 552 (2) (109 S. E. 417); Donalson v. Bank of Jakin, 33 Ga. App. 428 (127 S. E. 229); Grogan v. Deraney, 38 Ga. App. 287, 289 (143 S. E. 912).

Accordingly, since the judgment sought to be set aside in the instant case was properly based upon the verdict of a jury, and since it is not sought to be set aside on account of perjury, or on account of any defect appearing upon the face of the record, the motion of the defendant necessarily comes within the rules governing motions for a new trial. Thus measured, and even if it be assumed that the circumstances of the case were such as not to require that such motion be accompanied by a brief of the evidence adduced on the trial (Cumberland Island Co. v. Bunkley, 108 Ga. 756, 33 S. E. 183), the grounds of the motion set forth no legal reason for setting aside the verdict and judgment, since it clearly appears from the facts alleged that the defendants failed to appear and plead solely in consequence of a misunderstanding between themselves and their attorney, not induced by any acts or conduct of the plain-

tiff, and unmixed with any sort of providential cause. While it is alleged in the motion that the defendants failed to attend court at the trial term because of a published notice from the judge of the superior court that no *contested* cases in which he was disqualified would be *tried* at that term (and that the judge was disqualified by reason of relationship to the defendants), it does not appear that such published notice in any wise contributed to their failure to answer the suit, but it appears that they relied upon their counsel to prepare the necessary pleadings, and that counsel relied upon the defendants to inform him when service was perfected upon them so as to require them to answer.

2. The court erred in setting aside and vacating the verdict and judgment.

*Judgment reversed. Stephens and Bell, JJ., concur.*