## 21858. JOHNSON v. MITCHELL.

DECIDED JULY 14, 1932.

*N. M. Reynolds, W. K. Miller,* for plaintiff in error.
*Paul T. Chance, William M. Howard,* contra.

JENKINS, P. J.   (After stating the foregoing facts.)

The jury were authorized to find that the permanency of the plaintiff's injuries resulted from the failure of the defendant,

who was alleged and shown to be a practicing physician, to "bring to the exercise of his profession a reasonable degree of care and skill." Civil Code (1910), § 4427. The amount of the verdict, $1,500, is not complained of as being excessive, nor is there any assignment of error upon the charge of the court as to the measure of damages applicable. While the petition, as pointed out by the briefs of counsel, limited the damages on account of pain and suffering to $1,000, and the damages by reason of diminished earning capacity to $5,000, there was testimony as to the nature and character of the plaintiff's injuries, and as to the permanency of the impairment of her arm which might have resulted from a lack of proper medical and surgical attention, testimony as to the earning capacity of the plaintiff prior to the injury, and as to her inability, since the injury, to carry on her former business of running a boarding house. The verdict can not be set aside on the general grounds as being unauthorized by the evidence, or on the theory that the evidence failed to show that the plaintiff's impaired physical condition was due to neglect on the part of the defendant rather than the previously received injury to the arm for which he was treating her.

■ Treating the grounds of the amendment to the motion for a new trial as grounds of an ordinary motion for a new trial, they were not approved by the trial judge, and can not be considered. Treating such grounds as presenting a motion to set aside the verdict and judgment at law, based, not upon unamendable defects appearing upon the face of the record, but upon extraneous matters by reason of which the defendant sought to obtain relief against a judgment improperly or irregularly obtained, and as in effect a motion for a new trial based upon extraordinary grounds, and as subject to all the rules governing motion for a new trial (*Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568, 570, 150 S. E. 569, and cit.), under the conflicting evidence the trial judge was authorized to deny the same.

■ The remaining ground of the motion, which the trial judge refused to consider, was based upon the affidavits of jurors who rendered the verdict, and was nothing more than an effort to impeach the verdict by showing that it was unintentionally or inadvertently rendered by the jury under a mistaken notion as to the identity of the defendant. Since "the affidavits of jurors may be

taken to sustain but not to impeach their verdict" (Civil Code of 1910, § 5933), the judge properly refused to consider this ground of the motion.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*