37602.   MILLS *v.* QUICK *et al.*

DECIDED APRIL 28, 1959.

*Smith, Gardner & Kelley, Morton M. Wiggins, Jr.,* for plaintiff in error.

*Burt & Burt, H. P. Burt,* contra.

FELTON, Chief Judge. Chapter 110-4 of the Georgia Code of 1933, "Judgment by Default", was comprehensively revised by §§ 18-23 of the New Practice Act (Ga. L. 1946, pp. 761, 777-779)

and subsequent amendments. The first question for decision is whether the revised provisions relating to judgments by default are applicable to cases in the City Court of Albany. Section 25 of the New Practice Act (Ga. L. 1946, p. 780) provides, "The provisions of this section of these rules shall apply to all suits in the superior courts of the State except those proceedings specifically excepted in Paragraph 24 hereof, and shall also apply to all matters pertaining to service, pleading and practice in cases in city courts *where not inconsistent with the acts creating such city courts or acts amendatory thereof.*" (Emphasis added).

Section 42 of the act creating the City Court of Albany (Ga. L. 1897, pp. 408-419) provides (p. 418): "Be it further enacted by the authority aforesaid, that the first term of said court to which a civil case is brought shall be the appearance or return term; the second shall be the trial or judgment term; and all the laws, rules and practice in said court with reference to the terms thereof, and to the continuance, pleadings and trial of causes therein, shall be the same as in the superior court, unless otherwise provided in this act."

The act creating the City Court of Albany expressly provides for appearance and trial terms. The New Practice Act does away with the appearance term (see *Maxwell* v. *Arnold,* 76 *Ga. App.* 576, 579, 46 S. E. 2d 623) and provides for default procedures which are repugnant to appearance or return terms (see Code § 110-401 as amended). It is therefore apparent that the default provisions of the New Practice Act are inconsistent with the act creating the City Court of Albany and, under the provisions of Section 25, do not apply.

The plaintiff proceeded at the trial term to take a judgment without the case having previously been marked "in default" on the court docket, as provided in § 110-401 of the Code of 1933, which is still applicable to the City Court of Albany under the above ruling. Where such a case is not marked "in default" on the docket, although the defendant might thus, at the trial term and before judgment, file his defensive pleadings, if such is not done at the time the case is submitted to trial, it is considered in default and the plaintiff is entitled to take a verdict and judgment. *Schofield's Sons Co.* v. *Vaughn,* 40 *Ga. App.* 568, 569

(150 S. E. 569). *Guthrie* v. *Spence*, 55 *Ga. App.* 669 (191 S. E. 188). After a verdict has been taken and final judgment rendered thereon, there is no authority for filing an application to open the default upon the grounds urged by the defendants, and the plaintiff's demurrers to said application should have been sustained.

Moreover, since the judgment under attack was based on the verdict of a jury, it is not subject to revision or vacation under the plenary powers of the court to control its orders and judgments during the term at which they are rendered. *Georgia Ry. &c. Co.* v. *Hamer*, 1 *Ga. App.* 673 (58 S. E. 54). *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 290 (143 S. E. 912). Since the judgment was based on the verdict of a jury and since it was not sought to be set aside on account of perjury or for any defect not amendable which appears on the face of the record or pleadings, the petition of the defendants must necessarily be construed as seeking to set aside the judgment for irregularities not appearing on the face of the record which are not proper subjects for the grant of a new trial. Thus measured, it sets forth no legal reason for setting aside the verdict and judgment, since it clearly appears from the facts alleged that the defendants failed to appear and plead solely in consequence of their own misunderstanding, not induced by any acts or conduct of the plaintiff and unmixed with any sort of providential cause. *Schofield's Sons Co.* v. *Vaughn*, 40 *Ga. App.* 568, 570, supra. The petition to set aside showing on its face that it is without merit, the demurrer thereto should have been sustained.

While the defendants are not entitled to have the default opened or the judgment set aside for the reasons stated, they are entitled to a new trial upon the issue of damages because of the failure of the court to give the jury any rule for estimating or determining the damages claimed. *Atlanta, B. & A. Ry. Co.* v. *Barnwell*, 138 *Ga.* 569 (5) (75 S. E. 645); *Southern Ry. Co.* v. *O'Bryan*, 112 *Ga.* 127 (37 S. E. 161). The fact that a case is in default does not obviate the necessity of instructing the jury as to the proper measure of damages so as to guide it in its deliberations upon the amount of its verdict. To hold otherwise

would defeat a basic purpose of the legislation requiring submission of the issue of unliquidated damages to the jury.

The judgments of the court granting the petition to set aside the verdict and judgment and the application to open the default and overruling the demurrers thereto are reversed. The judgment granting a new trial is affirmed, but only to the extent that it grants a new trial in respect to unliquidated damages, and to the extent that it grants a new trial upon any other issues, the judgment is reversed.

*Judgments affirmed in part, reversed in part. Quillian and Nichols, JJ., concur.*