39112.  STAMPS TIRE COMPANY, INC. v. POWERS.

Decided November 13, 1961—Rehearing denied
November 28, 1961.

*Miles B. Sams,* for plaintiff in error.

*James R. Venable,* contra.

JORDAN, Judge. "There is a well-recognized rule of law to the effect that courts of record retain full control over their own orders and judgments during the term at which they are entered, and in the exercise of a sound legal discretion may revise or vacate them, as the ends of justice may require, such discretion not being controlled by courts of review unless manifestly and flagrantly abused. But the judgments and orders thus said to remain 'in the breast of the court' do not include judgments based upon the verdict of a jury, which do not come within the scope of such plenary powers and discretion. *Georgia Railway Co. v. Hamer,* 1 Ga. App. 673 (58 SE 54); *Grogan v. Deraney,* 38 Ga. App. 287, 290 (143 SE 912)." *Schofield's Sons Co. v. Vaughn,* 40 Ga. App. 568, 569 (150 SE 569). Accordingly, where at the trial term, in the absence of any defense, a judgment against the defendant has been entered, based on a verdict of a jury, the defendant, in order to avoid the judgment, is relegated to his right to attack the judgment by motion to set aside or in arrest of judgment, or by a proceeding in the nature of a motion for a new trial to secure relief against judgments irregularly or improperly obtained. *Schofield's Sons Co. v. Vaughn,* 40 Ga. App. 568, 570, supra.

Since the judgment in the instant case was based on a verdict of a jury and since it was not sought to be set aside on account of perjury or for any defect not amendable which appears on the face of the record or pleadings, the motion of the defendant

must necessarily be construed as seeking to set aside the judgment for irregularities not appearing on the face of the record and must necessarily come within the rules governing motions for a new trial. *Mills v. Quick*, 99 Ga. App. 461, 465 (109 SE2d 65). Thus measured, the motion of the defendant sets forth no legal reason for setting aside the verdict and judgment since it clearly appears from the facts alleged therein that the failure of the defendant's counsel to appear and defend the suit was not induced by any acts or conduct of the plaintiff or the court, was unmixed with any sort of providential cause, and was without the leave of the court. *Cotton States Life Ins. Co. v. Edwards*, 74 Ga. 220, (1), 226; *Mills v. Quick*, 99 Ga. App. 461, supra. Irrespective of the action that the trial court would have taken had the clerk informed him of his telephone communication from the defendant's counsel, the clerk's failure to inform the court furnished no grounds for setting aside the verdict of the jury in this case. *Turner v. Citizens Bank of Valdosta*, 31 Ga. App. 549 (121 SE 698).

The trial court therefore erred in sustaining the defendant's motion to set aside the verdict and judgment of the jury, such error rendering the further proceedings in this case nugatory.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*