## 48629. COX v. LeROY.

EVANS, Judge. Agetha G. Cox, as plaintiff, sued W. W. LeRoy, Jr., as defendant, for personal injuries resulting from an auto collision. The case was tried and a verdict was returned in plaintiff's favor for $20,000 for pain and suffering, and $5,000 for medical expenses. Judgment was regularly entered on this verdict.

Defendant immediately filed a motion to amend or set aside judgment, by striking from the last paragraph the words, "Five Thousand Dollars for medical expenses," and by substituting in lieu thereof the words, $1,520 for medical expenses." Defendant contended the amount awarded for medical expenses, "is in excess of the actual amount of medical expenses which were introduced into evidence . . . and was therefore a mere irregularity." The trial judge granted the motion instanter without a hearing. Plaintiff appeals. *Held:*

1. On motion for rehearing, judgment was vacated and the original opinion withdrawn. We substituted a new judgment of reversal and the following opinion.

2. Every court has power to amend and control its processes and orders so as to make them conform to law and justice, and to amend its records to conform to the truth. Code § 24-104 (6). But when founded on verdicts of a jury, and not the acts of the judge, the court may not amend the judgment, as was done here, so as not to follow the verdict. The "defendant is relegated to his remedy of a motion for new trial, or to a proceeding in the nature of a motion for new trial," rather than a motion to amend the judgment. *Cook v. Attapulgus Clay Co.,* 52 Ga. App. 610 (1) (184 SE 334). See also *Ga. R. & Electric Co. v. Hamer,* 1 Ga. App. 673 (58 SE 54); *Grogan v. Deraney,* 38 Ga. App. 287, 290 (143 SE 912); *James v. Douglasville Banking Co.,* 26 Ga. App. 509 (3) (106 SE 595); *Hunter v. Gillespie,* 207 Ga. 574, 575 (63 SE2d 404); *Martin v. General Motors Corp.,* 226 Ga. 860, 862 (178 SE2d 183).

Accordingly, the court erred in amending the judgment based on a verdict here without a change of the verdict in granting a new trial.

*Judgment reversed. Clark, J., concurs. Hall, P. J., concurs in the judgment only.*

SUBMITTED OCTOBER 3, 1973 — DECIDED DECEMBER 4, 1973.

*Moore & Morris, Charles E. Moore,* for appellant.
*Nall, Miller & Cadenhead, Lowell S. Fine,* for appellee.