## JOHN NEFF, Defendant in Error v. KOHLER MANUFACTURING COMPANY, Plaintiff in Error.

### St. Louis Court of Appeals, November 19, 1901.

1. **Attorneys: LICENSE TO PRACTICE LAW: MOTION TO SET ASIDE ORDER GRANTING LICENSE TO PRACTICE LAW: PRACTICE AND PROCEDURE: JURISDICTION.** A court may exercise a summary jurisdiction to correct professional abuses of an attorney and may, for self-protection. in extreme cases, strike his name from the roll of attorneys; it can not exercise this summary jurisdiction on charges merely affecting his character as a citizen.

2. ———: ———: ———. After one has been granted a license to practice law, a motion will not lie, at the relation of any person, to vacate and set aside the order.

3. ———: ———: ———: DISBARMENT PROCEEDING. And after the license has been granted, it is too late to reopen the case, proceedings for disbarment being the proper remedy.

Writ of Error to the St. Louis City Circuit Court.—
*Hon. William Zachritz,* Judge.

AFFIRMED.

*Joseph Wheless* for plaintiff in error.

(1) "The proceeding to disbar an attorney is not in the nature of a civil action; neither is it a criminal proceeding. It is a proceeding *sui generis.* Its object is not the punishment of an offender, but the protection of the court. . . . . The bar, more than any other profession, is wholly dependent upon the reputation of its members for honor and integrity; and, after the bench, the members of the bar have the greatest interest in maintaining the honor of the profession and in purging it of unworthy members." In re Bowman, 7 Mo. App. 567; s. c., 8 Cent. Law Journal 250. "The right to remove attorneys is an inherent right of the courts; it is not derived from the Legislature, and legislative enactments in regard to the removal of attorneys are merely in aid of the common law. . . . . The courts, by their inherent power, may disbar for other causes than those specified in the statute, which is not to be construed as an enabling act, nor as restrictive of the general power of the court over its officers. . . . . The doctrine must be regarded as well settled that, without the statutory provision, the right to control their officers, and to determine who shall appear before them in the capacity of attorneys is incidental to all common-law courts of general jurisdiction, and it is also necessary to the respectability of the profession." In re Bowman, 7 Mo. App. 569; s. c., 8 Cent. Law Journal, 250. (2) "As a good moral character is one of the constitutional and statutory qualifications essential to the admission of an attorney, so he may be removed whenever he ceases to possess such qualification. . . . . If an attorney obtains admission through fraud or deceit, he may be stricken from the rolls." Weeks on Attorneys at Law, sec. 81; 3 Am. and Eng. Enc. of Law, 283; Smith v. Tennessee, 1 Yerger 228; State v. Fields, 1 Martin & Yerger, 70; In re John Percy, 36 N. Y. 651; In re Peterson, 3 Paige 510; In

re Anonymous, 22 Wend. 656; People v. Palmer, 61 Ill. 255; Walker v. Commonwealth, 8 Bush 86; Dickinson v. Dustin, 21 Mich. 561. "An attorney at law, of known immoral character, having secured admission to the bar through the withholding of such fact from the court, held, he would be disbarred by the court of its own motion." In re O'Grady, 4 Wikly. Note Cases, 199. "License to practice law will be revoked when not obtained according to law." People v. Betts, 7 Colo. 453.

No brief for defendant in error.

BLAND, P. J.—On the third day of June, 1901, at the June, 1901, term of the circuit court, the following order was made, to-wit:

*"In the Matter of John Neff, an Applicant for License to Practice Law.*

"John W. Neff, Esquire, having heretofore filed his written application for a license to practice law in this State, and having this day produced satisfactory testimonials of good moral character, and undergone a strict examination in open court, as prescribed by law, as to his qualifications: It is ordered that he be, and he is hereby licensed to practice as an attorney and counsellor at law in the courts of this State, on being enrolled therein and duly qualified.

"Thereupon said John W. Neff takes the oath prescribed by the Constitution and laws of this State, and signs the roll of attorneys."

On the tenth day of July following, and during the June term of the court, the Kohler Manufacturing Company, a corporation of Baltimore, Maryland, filed its motion, verified by the affidavit of its attorneys, to set aside and vacate the order by which Neff was licensed to practice law, on the ground that

the order granting the license had been obtained by fraud and false representations and set out at great length numerous lapses and misdemeanors Neff was alleged to have been guilty of, which, if true, would show him to be a man of very bad moral character. The court overruled the motion and the relator filed his bill of exceptions and has brought the proceeding into this court by writ of error.

This is not a proceeding to disbar Neff, but to set aside the order granting him a license to practice law. While the court may exercise a summary jurisdiction to correct professional abuses of attorney. and may, for self-protection, in extreme cases, strike his name from the roll of attorneys, it can not exercise this summary jurisdiction on charges merely affecting his character as a citizen. Weeks on Attorneys at Law, sec. 80. After Neff had been granted license to practice law, a motion did not lie at the relation of a non-resident corporation, or at the relation of any person, to vacate and set aside the order. The statute, in respect to licensing attorneys, requires that the application for the license shall be filed in the clerk's office of the court to which the application is made, at least fifteen days before the first day of the term. The purpose of this requirement is to give notice to all persons concerned that the application has been made and to afford them time and opportunity to appear with their witnesses in opposition to the granting of the license. After the license has been granted, it is too late to move to reopen the case. Proceedings for disbarment being the proper remedy.

The order, heretofore made from the bench dismissing the writ of error, is approved. All concur.