24816. GIBSON, solicitor-general, *v.* LEE.

DECIDED AUGUST 2, 1935.

*William A. Fuller, W. B. Beauchamp,* for plaintiff.
*W. C. Parker,* for defendant.

GUERRY, J. On November 2, 1934, A. B. Spence, then solicitor-general of the Waycross circuit, on information received and at the instance of the grievance committee of the Atlanta Bar Association, presented a petition to the Hon. M. D. Dickerson, Judge of the Waycross circuit, to revoke an order passed April 2, 1934, ad-

mitting Robert Stewart Lee, a nonresident lawyer, to practice law in this State. A rule nisi was issued and the matter set for a hearing on December 8, 1934, but on motion of counsel for Lee it was continued until January 8, 1935. By amendment John S. Gibson was substituted as party plaintiff, he being then the solicitor-general of the Waycross circuit. After the hearing the judge took the matter under advisement, and, on February 22, passed this order: "Upon consideration of the pleadings, including the demurrers, and of the evidence adduced upon a hearing of the above-stated case, it is considered, ordered, and adjudged that the prayers of the petition be denied. At Chambers, Douglas, Ga., on this February 22, 1935." The petition alleged and the evidence showed that Robert Stewart Lee filed a petition for admission to the bar of this State on April 2, 1934, before Judge M. D. Dickerson at Douglas, Coffee County, Georgia, but did not attach to the petition any certificate from the clerk and the Chief Judge of the Supreme Court of Indiana, the State from which he came. Prior to the act of 1933 such a certificate was not required, but a practitioner from another State might be admitted to the practice in this State on the certificate of the circuit or district court of the State whence he came. Under the present law, he must present a certificate from the clerk and the chief judge of the highest court in the State from which he comes, certifying that he is actively engaged in the practice and has been for at least five years, and that he is of good private and professional character, and the application must be filed in the superior court of the applicant's actual or intended residence. The petition filed did have attached to it a certificate which would have been sufficient prior to the act of 1933. The petition for revocation alleged that the order was granted by reason of a fraud practiced, in that the petitioner knew when he presented his application that he was not complying with the statute made and provided in such cases, and that he fraudulently concealed such fact from the judge of the superior court of Coffee County and from the attorney at that bar who endorsed his application. It was also pleaded and shown that on February 23, 1934, Lee presented to Judge Davis of the Stone Mountain circuit a petition for admission to the bar of this State, to which there was attached a certificate from the clerk and the Chief Judge of the Supreme Court of Indiana, which certified as to his admission to that court and as to

his private and professional character. Judge Davis testified that he noticed that the statement in such certificate as to the applicant's character was written on a typewriter different from that on which the rest of the certificate was written, and that, although applicant insisted that the order attached thereto be signed that day, he told him to come back later, and, when Lee left, he (Davis) wired the Hon. Curtis W. Roll, Chief Justice of the Supreme Court of Indiana, in reference to the matter. Lee came back the next day before Judge Davis had received a reply to his telegram, and Judge Davis still refused to sign the order, and pointed out that it failed to comply with the Georgia statute. Lee then took the certificate away with him and stated he would return later with a proper certificate. Soon afterwards Judge Davis received a reply to his telegram as follows: "Clerk says no certificate to private or professional standing issued." Judge Davis testified also that Lee stated to him that he would open a law office in Decatur, Georgia; that the petition left with him by Lee was attached to his affidavit, and that it was not filed in the clerk's office for the reason that no order had been signed thereon; though it was presented to him for signing. Chief Justice Roll of the Supreme Court of Indiana testified that a certificate was issued from the Supreme Court of Indiana that Robert Stewart Lee had been admitted to the Supreme Court there in 1917, but "this court made no certificate as to the private and professional character and standing of the said Robert Stewart Lee. On the contrary, the court directed the clerk to inform Mr. Lee that the court was not sufficiently acquainted with Mr. Lee to issue the certificate of character, and that it would be necessary to refer the matter to the State board of law examiners." Fred B. Pickett, clerk of the Supreme Court of Indiana, made affidavit to the same state of facts. John W. Bennett, of Waycross, who signed the applicant's endorsement, testified that he did not know Lee, but that on April 2 Lee came to see him in Waycross, Georgia, and presented to him a letter from a lawyer friend in Miami, Florida, asking him to help Lee. His recollection was that Lee showed him a certificate from the Supreme Court of Indiana, as well as a certificate from a district or circuit court in Indiana, and that, acting on the letter sent him, and said certificates, he signed the recommendation and directed Lee to go to Douglas to see Judge Dickerson; that he told Lee to file the cer-

tificates with the application, and Lee stated that he would do so; that "the Acts of 1933 were not mentioned and had entirely slipped my mind; if I had thought of the Acts of 1933 I would not have signed the certificate;" that he made inquiries as to the filing of these certificates and did not find them.

Lee denied that he had ever formally filed any application for admission with Judge Davis. He testified that upon advice of counsel he determined that with the letters he had as to his character from Indiana and the certificate of the Circuit Court of Indiana, he could be admitted under the law of Georgia, and he contended that the act of 1933 was directory merely, and that the requirement that the Chief Judge of a sister State certify under oath that his private and professional character was good was unreasonable, arbitrary, and unjust. Judge Dickerson signed the order admitting him and the same was filed with the clerk of the superior court of Coffee County. Lee came to Atlanta on April 4, and was immediately offered a place as counsel for the American Bond and Share Corporation by B. R. Bradley, its president, and he now holds that position. He testified that this proceeding was instigated by a lawyer in Atlanta with whom he had a personal misunderstanding; that the grievance committee of the Atlanta Bar Association called on him to appear and answer charges, but that he did not appear; that the application for admission was submitted to Judge Davis only for his consideration as to its sufficiency. He denied that he was told the petition would be passed on the following week, or that he ever stated he intended to become a resident of Decatur, but he testified that "at the time of my application for admission, I fully intended to locate in Coffee County, Georgia, or at least in the Waycross circuit." The chairman of the grievance committee of the Atlanta Bar Association testified that the members thereof made an investigation, at the request of Judge Davis, and they had no personal knowledge of any differences with any other members or knowledge of any differences between Lee and other members of the Atlanta bar. Remster E. Bingham, Secretary and Treasurer of the State Board of Law Examiners for the State of Indiana, testified that, at the request of the Chief Judge of the State of Indiana, "I made an investigation for the purpose of ascertaining whether Robert Stewart Lee was a man of good professional and private character, whether he

was entitled to full faith and credit, and whether the court would be warranted in issuing to said Robert Lee, such a certificate of character as would enable him to be admitted to the practice of law in the State of Georgia. I further state that as a result of the investigation I find that Robert ·Stewart Lee is not entitled to full faith and credit; that he is not a man of good character; and that the court should not issue a certificate that he is of good private and professional character." A letter from Chief Justice Roll to the Atlanta Bar Association was presented, which stated that if a certificate issued from the Supreme Court of Indiana contained a statement when presented to Judge Davis, as to the private and professional character of the said Robert Stewart Lee, such statement was a forgery. There appears a voluminous record reporting other testimony, but we deem that what is here quoted and stated is sufficient for a determination of the case.

The first point to be considered is whether Judge Dickerson had jurisdiction at chambers to hear and determine the motion to revoke and set aside an order admitting a nonresident lawyer to the bar of this State. It is insisted by counsel for defendant in error that since, under section 24-2622 of the Code of 1933, a judge of the superior court has no power out of term time, except where the power is expressly given him, the judge was without authority to pass upon this matter at chambers. It is true that a judge is without authority to render an ordinary judgment out of term time unless the authority is expressly granted him, and he may not set aside such a judgment except in term time. *Haskens* v. *State,* 114 *Ga.* 837. Under section 4946 of the Code of 1910, nonresident attorneys were admitted *"by presenting to the judge of the superior court of any circuit, either in term time or vacation"* (italics ours), his application, and attaching thereto the certificate set forth, in succeeding parts of the code section. This part of this code section was not repealed, changed or modified by the act of 1933, now codified under section 9-201 of the Code of 1933. A judge of the superior court has authority, either in term time or in vacation, to admit a nonresident attorney to practice in this State. The jurisdiction of the court therefore not being dependent upon the terms of the court, the authority to revoke such an order or judgment is not dependent upon term time. Where the reason for the rule fails, the rule itself fails. The power to grant or pass such an

order in vacation, being expressly given, the same power inheres to revoke it during vacation, for proper cause shown.

It is also insisted that a proceeding to disbar is the remedy in this case, and not a petition to revoke the order of admission. The case of Neff *v.* Kohler Mfg. Co., 90 Mo. App. 296, is cited in support of this position. In that case it was held, that, after a license to practice law has been granted, a motion will not lie at the relation of any person to vacate the order granting the license on the ground that it was obtained by fraud and false representations, proceedings for disbarment being the proper remedy. This may possibly be true where the proceedings are brought by a private individual, but we are unwilling to hold that a court of this State is powerless to revoke, on a petition brought in behalf of the State by the solicitor-general, an order granted through fraud, or in contravention of the plain provisions of a statute. As was said in argument in the Neff case: "A suit for disbarment is not in the nature of a civil action; neither is it a criminal proceeding. It is a proceeding sui generis. . . Its object is not the punishment of an offender, but the protection of the court. . . The bar, more than any other profession, is wholly dependent upon the reputation of its members for honor and integrity; and, after the bench, the members of the bar have the greatest interest in maintaining the honor of the profession and in purging it of unworthy members." Citing In re Bowman, 7 Mo. App. 567; 8 Cent. L. J. 250. If a fraud either of fact or of law has been practiced upon a court, it has the inherent power to correct such fraud and set aside an order obtained through it.

Under the present law of this State an attorney from another State may not be admitted to the bar of this State without a full compliance with the act of 1933. A certificate from a circuit or district court of another State is no longer sufficient to admit a nonresident attorney to the practice in this State. It appears from the record in this case that on the petition presented to Judge Dickerson for admission to the bar of this State there was no certificate from the clerk and Chief Justice of the Supreme Court of Indiana, but only a certificate from a circuit court of that State. This fact alone was sufficient to require revocation of the order.

A petition for admission to practice law by a nonresident attorney must now be addressed to the superior court of the residence,

either actual or intended, of the applicant. Prior to the act of 1933 it might be presented to any judge of the superior court.

We think that the evidence in this case shows without dispute that the applicant was acquainted with the requirements for his admission to the bar of this State; that waiving the question of his formal presentation of an application for admission to the judge of the Stone Mountain Circuit and the pendency of that application at the time of the presentation of his application to the judge of the Waycross circuit, it is unescapable that the applicant, by his silence to those recommending him and to the court granting the order, was taking advantage of the situation to procure an order of admission to which he was not entitled under the law. As we conceive it, a lawyer in his relation to the court, and in the obtaining of his certificate of admission to the bar should be like "Cæsar's wife,—above suspicion." This applicant did not present a certificate entitling him to admission. Without such a showing he was not entitled to admission. Under the evidence, he not only did not have nor could he obtain such a certificate from the Supreme Court of Indiana. The court which admitted him had authority at any time within the statute of limitations to revoke its order of admission, whether in term time or in vacation. Under the law of this case and the undisputed facts the court erred in denying the prayers of the petition.

*Judgment reversed. Broyles, C. J., concurs. MacIntyre, J., dissents.*

MacIntyre, J., dissenting. An order of the superior court admitting a person to the practice of law "is a judicial act or judgment." Ex Parte Law, 35 *Ga.* (Appendix) 285; Ex Parte Garland, 4 Wall. 333 (6) (18 L. ed. 366).

"Said judges [of the superior court] may not exercise any power out of term time, unless the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation" (Code of 1933, § 24-2622) ; and "where a motion to set aside a judgment alleged to have been obtained by fraud is presented to the trial judge in vacation, after the term of the court at which the verdict and judgment were entered, the court will not have jurisdiction to entertain the motion or grant a rule nisi thereon. Civil Code, § 4854 [Code of 1933, § 24-2622]; *Haskens* v. *State,* 114 *Ga.* 837, 840 (40 S. E. 997) ; *Regopoulas* v. *State,* 116 *Ga.* 596,

598 (42 S. E. 1014); *Garfield Oil Mills* v. *Stephens,* 16 *Ga. App.* 655 (85 S. E. 983); *Malsby* v. *Studstill,* 127 *Ga.* 726, 728 (56 S. E. 988)." *Gillespie* v. *Farkas,* 19 *Ga. App.* 158 (3) (91 S. E. 244). I do not think that under the law the judge had any power in this case to entertain the motion or grant the rule nisi thereon in vacation, the same having been presented after the term of the court at which the judgment was entered. At best, it being a matter of grave doubt whether the language of the act of 1933 (Code of 1933, § 9-201) would be sufficient to confer the power upon the judge, there being no express power given therein to revoke the judgment, the doubt must be resolved against the power of the judge to entertain the motion made in vacation. *Haskens* v. *State,* 114 *Ga.* 837, 839 (40 S. E. 997). If this judgment was obtained by fraud, it can be attacked in the same way that judgments procured by fraud may usually be attacked. I therefore think that the judgment of the court below should be sustained.