27397. BRADLEY *v.* SIMPSON, solicitor-general, *ex rel.,* GEORGIA BAR ASSOCIATION.

DECIDED MARCH 17, 1939. REHEARING DENIED MARCH 30, 1939.

*G. Seals Aiken, J. Ira Harrelson, Joe Quillian, Randall Evans Jr., Bradley & Bradley,* for plaintiff in error.

*Frank Simpson, solicitor-general, Walter McElreath, William A. Fuller,* contra.

FELTON, J. Frank Simpson, solicitor-general of the Piedmont circuit, brought a petition in the superior court of Jackson County, for the purpose of setting aside the orders of that court admitting certain persons to practice law in this State, on the ground that they were procured by fraud upon the court. The petition was so amended as to allege that the defendants were non-residents of the State, and showed that the only service upon them was by registered mail under order of the court. The defendants did not file a response, and did not appear in any manner except to file demurrers to the jurisdiction of the court as to their persons. These demurrers were overruled, and exceptions pendente lite were filed. The plaintiff in error was subpœnaed to testify as a witness before a commission in his home county of DeKalb. He refused to answer certain questions and to produce certain documents, which fact was certified to the judge of the superior court of Jackson County, who cited the plaintiff in error for contempt. Whereupon the plaintiff in error filed his plea and demurrer to the jurisdiction, and his response subject to the demurrer and plea. The court overruled the plea and the demurrer, and adjudged plaintiff in error in contempt unless he should purge himself by testifying and producing the records sought. To this judgment he excepted, as well as to the overruling of his plea and demurrer to the jurisdiction.

A contemnor may not collaterally attack the judgment of a court in the main case in connection with which he is cited for contempt, where the court has jurisdiction of the person and the subject-matter of the main case. *Russell* v. *Mohr-Weil Lumber Co.,* 102 *Ga.* 563 (29 S. E. 271) ; but this rule does not apply where the record in the main case shows on its face that the court does not have jurisdiction. Code, § 110-709; *John Hancock Mutual Life Insurance Co.* v. *Baskin,* 179 *Ga.* 86 (175 S. E. 251). There can be no case pending without valid service or its equivalent, such as a seizure of the res. Although the proceeding to revoke the orders of the court admitting the attorneys to practice in this State may not be a proceeding to disbar, it is in the nature of such an action, and it is a proceeding involving a valuable right, and a party defendant and legal service upon him are prerequisites to the validity of a judgment therein. *Strickland* v. *Willingham,* 49 *Ga.*

*App.* 355 (175 S. E. 605); *Pendley* v. *Tumlin,* 181 *Ga.* 808 (184 S. E. 283). Code, § 81-204, provides how service may be perfected on non-residents in equity cases. If the proceeding is an equity case, service by mail was not sufficient. *John Hancock Mutual Life Ins. Co.* v. *Baskin,* supra. If it is a legal proceeding there is no provision for service by mail, and such service would be invalid in that case. The whole contempt proceeding was void for the reason that there had been no valid service upon the non-resident defendants in the main case, and there was no case pending which would give the court authority to require plaintiff in error to testify or produce evidence. The case of *Gibson* v. *Lee,* 51 *Ga. App.* 594 (181 S. E. 192), is not authority to the contrary because there was no jurisdictional question raised in that case and the defendant pleaded to the merits. The contention that the court had authority to deal with attorneys upon service such as in this case is not well taken because Code, § 24-104 (4), limits the authority to persons connected with a judicial proceeding before it in matters pertaining thereto, assuming for the sake of argument that it could get jurisdiction by service by mail if the other essentials were present. Nor could the order of the judge providing for the service by mail alter the situation for the reason that Code, § 81-204, provides how service may be perfected on non-residents. The other cases referred to in the section in which the judge is authorized to provide for service does not apply where the mode is definitely prescribed. The principle of "the law of the case" does not apply to a void judgment unappealed from, and plaintiff in error could urge the invalidity of the proceedings in the main case because of the appearance of its invalidity from the face of the record. *John Hancock Mutual Life Ins. Co.* v. *Baskin,* supra.

The contentions of the respondent in the contempt rule that the judgment against him was illegal because of lack of jurisdiction, by reason of the lack of jurisdiction in the main case, should have been sustained, and the order adjudging him in contempt of court was illegal.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*