27397. BRADLEY *v.* SIMPSON, solicitor-general, ex rel.

DECIDED DECEMBER 5, 1939. REHEARING DENIED DECEMBER 19, 1939.

*G. Seals Aiken, J. Ira Harrelson, Joe Quillian, Randall Evans Jr., Bradley & Bradley,* for plaintiff in error.

*Frank Simpson, solicitor-general, Walter McElreath, William A. Fuller,* contra.

FELTON, J. 1. On certiorari the Supreme Court (*Simpson* v. *Bradley,* 189 *Ga.* 316, 5 S. E. 2d, 893) reversed the judgment of this court rendered in this case, *Bradley* v. *Simpson,* 59 *Ga. App.* 844 (2 S. E. 2d, 238). The former judgment of this court is accordingly vacated and the judgment of the Supreme Court on the question involved in its judgment is hereby made the judgment of this court.

2. There is no merit in the contention that the respondent was justified in refusing to answer certain questions on the ground that the answers would tend to incriminate him. Regardless of what the answers to the questions would have been, if they had been responsive to the questions they would not have incriminated the respondent.

3. There is no merit in the contention that the judge of the superior court of Jackson County did not have jurisdiction to try the respondent for refusing to testify before a commissioner in DeKalb County, the residence of the respondent. The contempt proceeding was not such a case as is contemplated by law in the provision that the venue shall be in the county where an offense was committed or in the county of the residence of the respondent. In such cases the jurisdiction of the court trying the case in which evidence is taken by depositions extends to every person in the State whose testimony is being taken by deposition and to every

county wherein such testimony is being taken. *Bilbo* v. *Bilbo,* 167 *Ga.* 602 (146 S: E. 446).

4. There is no merit in the other assignments of error.

The court did not err in adjudging the respondent Bradley to be in contempt.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*