## 40959.   SORRELLS v. COLE.

DECIDED JANUARY 18, 1965—REHEARING DENIED
FEBRUARY 8, 1965.

*Parker, Clary & Kent, H. J. Martin, Horace T. Clary,* for plaintiff in error.

*Wright, Walther & Morgan, Clinton J. Morgan,* contra.

EBERHARDT, Judge. ■ The first issue is whether Floyd Superior Court was authorized to require Sorrells to answer the interrogatories under pain of punishment for contempt. Plaintiff proceeded under the provisions of the Depositions and Discovery Act of 1959 (*Code Ch.* 38-21) and particularly of § 38-2106 for the taking of Sorrells' deposition by written interrogatories. After service on him of the interrogatories and notice to appear at a time stated before a named notary in Fulton County to make answers, he filed objections in Floyd Superior Court where the cause in which they were being taken pended, and when these were overruled he was ordered to make answers. He sought a review of the order but we held the ruling not appeal-

able at that stage. *Fricks v. Cole,* 109 Ga. App. 143 (3) (135 SE2d 512).

Upon his failure to appear and answer Sorrells was cited by Floyd Superior Court and, upon a hearing, adjudged to be in contempt, was fined $100 and again directed to answer upon pain of incarceration in the common jail. From that order and judgment he now appeals.

Sorrells urges that Floyd Superior Court was without jurisdiction to require him to make answer to the interrogatories, relying upon *Code Ann.* § 38-2111 which provides, inter alia, that upon refusal[1] of a deponent to answer any question propounded the proponent may "on reasonable notice to all persons affected thereby, . . . apply to the court in the county where the deposition is taken for an order compelling an answer" and that if the witness "refuses to answer any question after being directed to do so by the court in the county in which the deposition is being taken, the refusal may be considered a contempt of that court." It is his contention that the application for an order requiring answer to the interrogatories could be made to no court other than the one in the county where they were to be answered—in this case Fulton Superior Court—and that no other court could order him to answer or adjudge him in contempt for failure to do so.

The provisions of *Code Ch.* 38-21 follow very closely the Federal Rules of Civil Procedure,[2] and thus resort to Federal cases interpreting them as persuasive authority is proper. *McCallum v. Twiggs County Bank,* 172 Ga. 591 (1) (158 SE 302, 74 ALR 932); *Moore v. Atlanta Transit Co.,* 105 Ga. App. 70, 72 (1) (123 SE2d 693).

Apparently the situation has not arisen often under the Federal

---

[1]On the use of "failure" and "refusal" in the statutes, see Rosenberg, Sanctions to Effectuate Pretrial Discovery, 58 Columbia L. R. 480, 489 (1958).

[2]See Rules 26 to 35 and Rule 37. Rule 37, from which *Code Ann.* § 38-2111 is taken, provides for the obtaining of the order requiring answer to be made, etc. from the court of the *district* where the deposition is taken rather than the court of the *county*. Otherwise the provisions are substantially the same.

Rules,[3] but, when it has, the basis for invoking the jurisdiction of the court in the location where the deposition is being taken, the jurisdiction is that of the person—not of the subject matter. Gottlieb v. Isenman, 15 FRD 88 (Mass.); Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., 27 FRD 476 (Del.). Applying that principle under our Discovery Act we are of the opinion that when Sorrells filed objections to the interrogatories and sought a ruling thereon in Floyd Superior Court he waived the matter of venue or jurisdiction of his person. As to the matter of the interrogatories, the filing of his objections in the court where the cause pended was in the nature of a general appearance. *Code* § 81-503; Ga. Procedure & Practice, § 5-18. He thus submitted himself to the jurisdiction of Floyd Superior Court, whose orders and judgments he was bound to respect and observe.

There is yet another line of cases that would justify this result. "The contempt proceeding was not such a case as is contemplated by law in the provision that the venue shall be in the county where an offense was committed or in the county of the residence of the respondent. In such cases the jurisdiction of the court trying the case in which evidence is taken by depositions extends to every person in the State whose testimony is being taken by deposition and to every county wherein such testimony is being taken." *Bradley v. Simpson,* 61 Ga. App. 495 (3) (6 SE2d 424). Other cases holding that contempt proceedings are ancillary to the primary action and do not depend upon an independent jurisdiction of the person are *Bilbo v. Bilbo,* 167 Ga. 602 (146 SE 446); *Goodrum v. Goodrum,* 202 Ga. 135 (42 SE2d 450), and *Taylor v. Taylor,* 216 Ga. 767, 768 (1)

---

[3]See 2A Barron & Holtzoff, Federal Practice and Procedure, § 852 (1961 Ed., 1963 Supp.). The factual situation.is "seemingly not covered by the wording of Rule 37 (a)." 4 Moore's Federal Practice, § 37.02, ftnt. 1 (1963 Ed., 1963 Supp.).

The ambiguity of the Rule finds recognition in the fact that ten of the states adopting the Federal Rules have either expressly granted the power to compel an answer in either court or reserved the power to the trial court. Note, 62 Columbia L.R. 187, 191 (1962), commenting on Lincoln Laboratories Inc. v. Savage Laboratories, Inc., 27 FRD 476 (Del.) cited in text, infra.

(119 SE2d 571). Cf. *Code Ann.* § 38-1508 where provisions are made for requiring the attendance of nonresident witnesses.

We conclude that the proceedings for obtaining an order requiring the interrogatories to be answered and the adjudication of contempt for failure to comply with the order in Floyd Superior Court were authorized under either theory.

■ The objections to the deposition by interrogatories (*Code Ann.* § 38-2106; Fed. Rule 31) raises the issues that: (a) answering would entail considerable expense and much difficulty that would have to be borne by the witness or his employer, neither of whom was a party to the pending cause, (b) the information sought is protected as the work product of an adjuster regularly employed by the insurance company, and (c) there had been no showing of good cause by the plaintiff as a prerequisite to the granting of the order requiring answers to be made attaching copies of the documents in question.

■ Our consideration assumes that the matter of whether the answering of the interrogatories would involve an undue burden or expense was properly considered by the trial court even though no motion for a protective order was made under *Code Ann.* § 38-2106 (d) (Fed. Rule 31 (d)). See 4 Moore's Federal Practice, § 30.16 at n. 5 (1963 Ed.). The single fact that the answering of the interrogatories will entail expense and trouble to the witness or his employer is not sufficient to escape the requirement of making answer; it is only when the court is satisfied that an undue burden will result that objections should be sustained on that basis. 2A Barron & Holtzoff, Federal Practice & Procedure, § 768, p. 325 (1961 Ed., 1963 Supp.) ; 4 Moore's, supra, at § 33.27.

Since the objections were overruled and nothing in the record indicates any abuse in that respect, we conclude that the matter was considered and properly resolved.

■ The "work product" protection delineated in Hickman v. Taylor, 329 U.S. 495 (67 SC 385, 91 LE 451), and recognized in *Setzers Super Stores of Ga., Inc. v. Higgins,* 104 Ga. App. 116 (121 SE2d 305) is for the attorney. There is no "work product" protection to an investigator, adjuster, claims agent and the like, and, unless the statements taken by an adjuster or claims

agent are procured under circumstances bringing them within the ambit of the attorney's work product, the protection is not extended. For a discussion of this situation, see *Atlantic C. L. R. Co. v. Daugherty*, 111 Ga. App. 144. See also, Barron & Holtzoff, supra, at § 652, p. 133; Annot. 96 ALR2d 125. Cf. *Dixie Mfg. Co. v. Ricks*, 153 Ga. 364 (1) (112 SE 370). It does not appear from the record that the statements sought to be discovered would be entitled to protection.

A witness can not be required to produce documents, records, statements, etc., for use in the taking of a deposition or an interrogatory unless he has been served with a subpoena duces tecum under *Code* § 38-2112.[4] See 4 Moore, supra, at § 34.02 (4) ; 2A Barron & Holtzoff, supra, at § 644.1, n. 81. *Code Ann.* § 38-2109 (b) applies only to parties who may be required to produce these items by the serving of a notice to produce.[5]

Because *Code Ann.* § 38-2109 (a) (Rule 34) and *Code Ann.* § 38-2112 (Rule 45) must be construed in pari materia, "good cause" for the production of documents must exist under both procedures. 4 Moore, supra, at § 26.10 [1], n. 14; 2B Barron & Holtzoff, supra, at § 1002, n. 19.1, 19.4. The chief difference is that movant under *Code Ann.* § 38-2109 (a) has the burden in the first instance but under *Code Ann.* § 38-2112 the deponent must raise the issue. 4 Moore, supra, at § 26.10 [1], n. 13.

If a deponent[6] seeks to raise the question as to whether good

---

[4]It was not until the late sixteenth century that compulsory process was available in the common law courts of England to compel the attendance of disinterested witnesses. Mellinkoff, The Language of the Law, p. 138 (1963).

[5]We do not deal with the question of whether the plaintiff might have secured copies of the statements by proceeding against the defendant under *Code Ann.* § 38-2109 (b) on the theory that Sorrells and his employer, Cotton States Mutual Insurance Company, were the defendant's agents in making investigation of the accident and securing the statements. Compare *Aetna Cas. &c. Co. v. Brooks*, 218 Ga. 593 (129 SE2d 798) with Ga. L. 1963, p. 643. See Simper v. Trimble, 9 FRD 598 (W.D.Mo.).

[6]Concerning a party under § 38-2109 (b) see *Atlantic C. L. R. Co. v. Daugherty*, 111 Ga. App. 144.

cause exists for requiring him to answer the questions and produce copies of statements or documents for attaching as a part of his answers, he may do it by moving to quash the subpoena, moving for a protective order or refusing to answer or to produce the statements or documents on that ground. If he does the latter the moving party can, under *Code Ann.* § 38-2111, seek an order requiring the witness to answer and produce copies, and the court should make determination of the existence of good cause before granting the order. What constitutes "good cause" must be left largely to the trial judge who has a latitude of discretion in determining whether the showing has been made. We have dealt at length with this matter under *Code Ann.* § 38-2109 (a) in *Atlantic C. L. R. Co. v. Daugherty,* post, p. 144. It is significant to note the assertion in Guilford Nat. Bk. v. Sou. R. Co., 297 F2d 921, 924 (4th Cir.) "by adding the words 'good cause' the Rules indicate that there must be greater showing of need under Rules 34 *(Code Ann.* § 38-2109) and 35 *(Code Ann.* § 38-2110) than under the other discovery rules." This statement has apparent approval in Schlagenhauf v. Holder, 379 U.S. 104 (85 SC—,13 LE2d 152). Consequently little more than the existence of the statements and relevance should ordinarily be required in proceedings under *Code Ann.* §§ 38-2101 through 38-2106.

Statements which one party may have given to the other, being discoverable under *Code Ann.* § 38-2109 (b) as between themselves, without any court order, should be as easily discovered when they are in the hands of the other party's liability insurance carrier. Consequently, equating these situations, we hold that as to these, sought by Interrogatory No. 5, no showing of good cause is required.

The interrogatories as to whether the statements of named witnesses were obtained, and, if so whether they were in the possession or control of Cotton States, seeking the names and addresses of any others from whom statements may have been obtained, and as to whether an investigation was made, whether Cotton States was defendant's liability insurer, and whether estimates had been obtained for the cost of repairing defendant's vehicle, all appear to be relevant—though some are not admissi-

ble upon the trial. We see no reason why these questions should not be answered, and would find no error in the court's directing the witness to answer them had the interrogatories not gone further by seeking to have the witness attach copies of statements, etc., to his answers. Since they did, we think the court went beyond its authority, for no subpoena duces tecum had been served requiring production of these, nor does it appear from the record or from the court's orders that, as to the producing of copies, the matter of good cause was considered.

We recognize that where there are several specifications set forth in an adjudication for contempt, if any one of them can be said to authorize the conclusion that the respondent was guilty the judgment should be affirmed, *Garland v. State of Ga.*, 101 Ga. App. 395, 402 (114 SE2d 176), and that a mere irregularity in the order will not render it void, *Tolleson v. People's Savings Bank*, 85 Ga. 171 (2, 2a), 182 (11 SE 599). But the order and rule nisi as well as the adjudication of contempt were in form single, general and all-inclusive. There were no separate specifications under which the judgment might be upheld. If the witness had been served with a subpoena duces tecum requiring that he produce the statements, etc., or copies for attaching to his answers the single general order, rule and adjudication would appear to have been sufficient. If the interrogatories had not been so framed as to require the answering of the question and the attaching of a copy in each instance, all as the answer to the interrogatory, a different result might have been reached. But in the form of the interrogatories here the effect of the order to answer was to require the witness to attach a copy as a part of each answer. In that the court exceeded its power. This may seem to be a technical approach, but the drastic remedy of contempt ought not to deprive one of his liberty unless it rests upon a firm and proper basis. He who seeks to take the interrogatories controls their form and makes the determination as to whether a subpoena will be served. Unless these have been done in a manner complying with the statutory requirements he is in no position to invoke the remedy.

*Judgment reversed. Bell, P. J., and Jordan, J., concur.*